LOPEZ, AQUILINO, Jr., Associate Judge.
On June 30, 1959 an information was filed in the Criminal Court of Record in and for Dade County by Richard E. Ger-stein, State Attorney of the 11th Judicial Circuit of Florida in and for Dade County, charging the defendant, John T. O’Brien, in that “John T. O’Brien of the County of Dade and State of Florida between the 5th day of February and the 15th day of February, in the year of our Lord, one thousand nine hundred and fifty-nine, in the County and State aforesaid, did then and there being a broker, bailee, agent, or trustee of Katherine Coviello, and having in his possession, custody and control certain person [sic] property of Katherine Coviello, to-wit, One Thousand Nine Hundred Dollars ($1900) Good and Lawful Money of the United States of America, said personal property being the subject of larceny and being of the value of more than One Hundred Dollars ($100.00), good and lawful money of the United States of America, did then and there with intent to defraud and deprive the said Katherine Coviello of said property, unlawfully and feloniously appropriate the same to his own use or to the use of some person other than Katherine Co-viello, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.”
The statute under which this information was drawn was Section 811.021, Florida Statutes, F.S.A.
The evidence in this case shows that the defendant, appellant herein, was president of Florida Business Opportunities, Inc. which acted as broker in the sale of various businesses and that on September 26, 1958., he arranged for the sale of the Champagne Bar from Katherine Coviello to Helen E. McCarthy. The deposit receipt provided for $200 upon execution of the deposit receipt and $1,300 by October 8, 1958 with the balance of the purchase price, $3,400, to he paid over a 24 month period with interest at 7%. On November 19, 1958, Katherine Coviello executed a Bill of Sale to Helen E. McCarthy for the business which provided that a chattel mortgage would be given by John T. O’Brien' in the amount of $2,000 payable over 24 months with interest at 7%. On December 1, 1958, Helen E. McCarthy executed a chattel mortgage to John T. O’Brien in the amount of $1,905. On December 2, 1958, Katherine Coviello received $500 from O’Brien. On December 3, 1958 O’Brien assigned the McCarthy mortgage to Ed. Cortney Donoughue with no money passing as consideration for the assignment. In February, 1959, Katherine Coviello received $303.60 and on November 19, 1959, she received $1,900 from O’Brien.
The proof in the instant case clearly failed to establish that the defendant took any money from Katherine Coviello as the evidence shows that the defendant only took a mortgage from Helen McCarthy and the mortgage was given on December 1, 1958 and assigned on December 3, 1958. Whereas, the information states the time of larceny of “Lawful money of the United States” between February 5 and February 15, 1959.
The appellee has almost admitted that the proof constituted a variance from the allegations in the information but argues that the variance is not fatal by reason of Sections 906.20 and 906.25, Fla.Stat., F.S. A., but said sections applied only to embezzlement.
The trial judge was concerned with the problem of proof in the closing of State’s case when the Judge said “appropriates the same to his own use. How about that for the State? How about the fact that the information alleges he had this $1,900 *623 in liis possession?” Thereafter, the Court denied the defendant’s Motion for a Directed Verdict.
The charge was not proved and there was not sufficient evidence to sustain a conviction. The Court should have directed a verdict of acquittal because there was no sufficient evidence submitted upon which the Jury could legally find a verdict of guilty. Mobley v. State, 57 Fla. 22, 49 So. 941; Long v. State, Fla.1957, 92 So.2d 259; 32 Fla.Jur. Trial, § 99 et seq.
The judgment is reversed and the cause remanded with directions to enter a verdict of acquittal for the defendant.
HORTON, C. J., and CARROLL, CHAS., J., concur.