171 So.2d 591 (1965)
Theodore ROSENGARTEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4185.
District Court of Appeal of Florida. Second District.
February 5, 1965.
*593 John L. Riley, St. Petersburg, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
Theodore Rosengarten was informed against under Fla. Stat. § 811.021, F.S.A. and was found guilty of grand larceny in a trial by jury.
The defendant was president and principle shareholder of a corporation involved in the construction and improvement of homes, their sale and financing and refinancing by mortgages. Maurice Krull loaned the corporation $25,000 and took as security certain company-owned mortgages represented to him by the defendant as being first mortgages. The defendant knew at the time the mortgages were assigned that several of them were in fact not first mortgages. The corporation collected on the mortgages and/or made payments to Krull and there was much shuffling back and forth of mortgages between Krull and the corporation until the corporation was placed in receivership. There was no evidence showing that the defendant personally received any of the funds loaned to the corporation or that he had exclusive access to such funds which were placed in the corporation's bank account. Neither does the record reveal evidence sufficient to prove that Krull would suffer a permanent loss in that he was still possessed of certain mortgages at the time of trial.
The defendant on appeal raises two questions; one relates to whether or not the State proved the prosecution had been commenced within two years from the date of the alleged commission of the crime and the other relates to the sufficiency of the evidence to support a conviction of grand larceny.
The record shows the loan transaction occurred between the 1st and 4th day of April, 1961. The information was filed May 17, 1963 and alleged that a warrant was issued by a Justice of the Peace in Pinellas County on October 16, 1962 and was delivered to the sheriff of that county October 22, 1962. This warrant appears in the record as State's Exhibit #18 and is so marked. The appellant's contention is that the warrant was introduced after the State's case was closed and that the court erred in re-opening the case for this purpose and in admitting the warrant over the objection of the defendant that it was not a self-proving document. Since the record evidences nothing to substantiate the above contentions, these points on appeal fall into the rule that reception of evidence to which no objection was made cannot be construed to constitute a ruling of the court which may be reviewed by appeal. By the appearance of the warrant in the record, marked as it is, this court must accept the fact that it is what it purports to be: State's Exhibit #18 filed in evidence without objection. "Unless the record shows to the contrary, it shall be presumed, upon appellate proceedings, that the record transmitted to the Court contains all proceedings in the lower court material to the points presented for decision in the Court. * * *" Fla.App.R. 3.6(l), 31 F.S.A.
In the light of the foregoing we consider the defendant's contentions that the State failed to prove that this prosecution began within two years of the date of the alleged crime. State's Exhibit #18 is the warrant alleged in the information. It is dated October 16, 1962 and is directed to the sheriff or any constable of the county. It bears a time stamp "received 62 Oct 22 P M 4 21 Pinellas County Sheriff Don Genung" and it contains the endorsement of *594 the Justice of the Peace to the effect that on November 2, 1962 preliminary hearing was waived and the defendant was bound over to Circuit Court under $1500 bond. We find that the warrant and the endorsements thereon are sufficient to prove that this prosecution was commenced within two (2) years from the date of the alleged crime. For the purposes of the statute of limitations, § 932.05, Fla.Stats., F.S.A., a prosecution has been commenced when a warrant has been issued and placed in the hands of a proper officer for execution. Dubbs v. Lehman, 1930, 100 Fla. 799, 130 So. 36, and State v. Emanuel, Fla.App. 1963, 153 So.2d 839.
In presenting his points on appeal attacking the sufficiency of the evidence to sustain the conviction of grand larceny, the defendant maintains (1) the facts fail to show a felonious intent; (2) the evidence fails to show that the defendant received the funds nor that he had sole access to the corporate account in which they were deposited; and (3) the State failed to prove that Krull will sustain any permanent loss. These contentions bring us face to face with the intent and purpose of Fla. Stat. § 811.021 enacted in 1951, F.S.A. and which has been referred to as the "Consolidated" Larceny Statute. 9 U.Fla.L.R. 209 (1956).
The pertinent part of the statute reads:
"811.021 Larceny defined; penalties; sufficiency of indictment; information or warrant.
"(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person * * shall be deemed guilty of grand larceny."
After the passage of Fla. Stat. § 811.021, F.S.A. there existed concurrently Fla. Stat. § 817.01, F.S.A. which defined the crime of obtaining property by false pretenses. The Supreme Court cleared up any confusion between the two statutes, however, in its ruling in Anglin v. Mayo, Fla. 1956, 88 So.2d 918 to the effect that Fla. Stat. § 817.01, F.S.A. had been superseded by Fla. Stat. § 811.021, F.S.A. and the crime of false pretenses was encompassed therein. Subsequent to this decision the legislature repealed Fla. Stat. § 817.01, F.S.A. This does not mean, however, that the crime of obtaining property by false pretenses was abandoned, but only that it was merged as one of the theft offenses contemplated in Fla. Stat. § 811.021, F.S.A.
Therefore this court must look to the record to see if the evidence contained therein would support a conviction for any of the alternative theft crimes embraced within the statute under the cumulative name of "Larceny." We hold the evidence clearly supports a finding of grand larceny by false pretenses and accordingly we affirm.
The Model Penal Code of the American Law Institute, 1962 Revision, and several states which have enacted "merger" statutes similar to Florida's have substituted the word "theft" in the title for the word "larceny" which the Florida statute, perhaps unfortunately, retains. This substitution is prompted by the fact that larceny, classicly defined as "the stealing, taking and carrying away of personal property of another with intent to permanently deprive the owner thereof" is only one of the alternative crimes embraced within the statute. These states refer to convictions thereunder as grand theft by "larceny," grand theft by "false pretenses," grand theft by "embezzlement" etc. But since our statute still retains the word "larceny" we must live with two conceptions of the term: the historic narrow one defined above and the broad encompassing meaning established by the statute.
The Model Penal Code, supra, which has served as the pattern for most of these statutes provides in its Article 223 entitled "Theft and Related Offenses" the following:
(1) "Consolidation of Theft Offenses: Conduct denominated theft in this article constitutes a single offense *595 embracing the separate offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property and the like. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this article, notwithstanding the specification of a different manner in the indictment or information, subject only to the power of the Court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or surprise."
A Federal Court in considering the statute like the one we deal with here said:
"The obvious purpose of this [statute] is to avoid the pitfalls of pleading where a defendant might escape a conviction for one offense by proof he had committed another." Crabb v. Zerbst, 5 Cir.1938, 99 F.2d 562.
In explaining its consolidated statute the California Court said:
"The crime of grand theft is complete when a man takes property not his own with the intent to take it and a defendant may be convicted of grand theft upon proof of facts establishing (a) embezzlement, (b) larceny or (c) obtaining property by false pretenses. * * *
"It is likewise established that where criminal acts may constitute one of two or three forms of theft, depending upon how the jury views the evidence, and the facts so warrant, the verdict of conviction can be sustained on either theory." People v. Corenevsky, Cal. 1954, 267 P.2d 1048.
In a recent ruling under facts similar to the ones in the present case the Supreme Court of Arizona held:
"[A] conviction for obtaining money by false pretenses could be based on transaction whereby defendants obtained money from victims in return for notes and mortgages by misrepresentation that mortgages were first mortgages on improved property, even though defendants remained liable on notes and asserted an intention to repay.
"There is no requirement that the victim suffer pecuniary loss so long as he has parted with his property." State v. Mills, Ariz. 1964, 396 P.2d 5.
A complete loss of property need not be shown to support a charge of obtaining money under false pretenses. People v. Jones, 1950, 36 Cal.2d 373, 224 P.2d 353. "A man is defrauded if, by intentionally false representations of fact he has been induced to make a donation, or has been induced to pay money or to deliver property upon receipt of something quite different from what he understood he was getting or has been induced to lend money upon the strength of a security which is not what it is represented to be." Perkins on Criminal Law, (1957), P. 268. (emphasis added)
In the case at hand the record reveals an admission by the defendant that at the time of the transaction he knew some of the mortgages were not first mortgages even though represented as such by him. Where property is obtained by an alleged false pretense, the falsity of the representation, if established, will raise a presumption of fact from which a jury could infer an intent to defraud. 22 Am.Jur., False Representations, Sec. 105.
Accepting the conclusion that the crime of obtaining property by false pretenses is included as one of the alternative larcenies under Fla. Stat. § 811.021, F.S.A., we hold that the evidence in this case is sufficient to support the conviction in that it showed a parting with personal property in reliance on a misrepresentation made with knowledge of its falsity from which an intent to defraud could be reasonably inferred. Evidence of defendant's efforts *596 to pay back the money and the failure of the State to prove inevitable loss to the victim do not require reversal. State v. Mills, supra.
We do not overlook defendant's reliance on the cases of O'Brien v. State, Fla.App. 1961, 128 So.2d 621 and O'Brien v. State, 128 So.2d 630 as authority for his contention that there must be a showing of appropriation of the property by the defendant to his own or the use of someone else. In the O'Brien cases the money was deposited in a company bank account and there was no showing the defendant withdrew the money or had sole access to the bank account. This case is not applicable to the decision we consider here because there was no evidence of false pretenses and the evidence failed to sustain a conviction of larceny or embezzlement. Had O'Brien taken the money under false pretenses with an intent to defraud and then deposited it in the bank the result would be the same as here, and a showing of appropriation would not have been necessary.
In Mehr v. State, Fla. 1952, 59 So.2d 259, a conviction for grand larceny was reversed because of insufficient evidence, the State having failed to carry the burden of establishing misrepresentation beyond a reasonable doubt. In our case the defendant himself admitted the misrepresentation.
In concluding we must also reject defendant's contention that our decision in Rosengarten v. State, Fla.App. 1964, 166 So.2d 183, reversing a prior and separate conviction for grand larceny, requires that we reverse the present conviction. The prior case did not establish facts showing the obtaining of property by false pretenses and the facts relied upon by the State for a conviction were squarely within the original narrow definition of larceny which existed prior to the enactment of § 811.021, Fla.Stats., F.S.A. As previously noted this definition continues to exist after the enactment of the 1951 statute not exclusively but together with the alternative larcenies there included. In short, none of the alternative larcenies were involved in the prior Rosengarten decision and neither were these alternatives involved in the case of American Fire & Casualty Company v. Sunny South Aircraft Service, Fla. 1963, 151 So.2d 276.
Affirmed.
ANDREWS and KANNER, (RET.) JJ., concur.