344 So.2d 304 (1977)
Donald J. PAULK, Appellant,
v.
STATE of Florida, Appellee.
No. 76-313.
District Court of Appeal of Florida, Second District.
April 6, 1977.
Rehearing Denied April 28, 1977.
John L. Riley of Riley, Schowe & Saltsman, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
*305 OTT, Judge.
Appellant was convicted of grand larceny in violation of Section 812.021(1)(a), Florida Statutes. The lower court found the evidence sufficient to support the conviction of larceny by fraud or "trick." We agree and therefore affirm.
On March 24, 1975, appellant  a pest exterminator  came uninvited to the home of an 83 year old lady and offered to inspect it for termites. Upon learning that the lady had an existing pest control contract with "Company A", appellant (who worked for "Company B") represented that he not only was employed by "Company A", but also that he had taken over her particular contract. Then, while purportedly inspecting her attic for infestation, appellant planted termites in order to impress upon her the need for a termite treatment. Moreover, he warned that there would be no house left in two years unless properly treated. Appellant clinched the deal by agreeing to reduce the price of the treatment from $280 to $200 and by doing the job in his own name rather than in "Company A's" name so long as she not inform "Company A" of the reduced rate.
The applicable statute, Section 812.021(1)(a), Florida Statutes, provides in relevant part:
(1) A person who with intent unlawfully to deprive or defraud the true owner of his property ...
(a) Takes from the possession of the true owner, or of any other person; or obtains from such person possession by color or aid of fraudulent or false representations or pretense, ... shall, upon conviction, be guilty of larceny.
Section 812.021, Florida Statutes  the omnibus larceny statute  is a consolidation of the former separate offenses of larceny, embezzlement, and obtaining property by false pretenses. See Williams v. State, 239 So.2d 127 (Fla. 4th DCA 1970).[1]
In Finlay v. State, 152 Fla. 396, 12 So.2d 112, 113 (1943), the court outlined the elements of the crime of obtaining property by false pretenses:
False representation of a past or existing fact; knowledge of its falsity; intent to defraud; reliance on the misstatement by the other party; and surrender by the other party of property because of the representation... . See Clifton v. State, 76 Fla. 244, 79 So. 707, 711 (1918); See Green v. State, 190 So.2d 614 (Fla. 3d DCA 1966).
The instant case satisfies all of the above elements.
In State v. Mills, 96 Ariz. 377, 396 P.2d 5 (1965), the court affirmed a conviction for obtaining money by false pretenses. The defendant contended that where actual consideration is exchanged, there can be no crime of obtaining money by false pretenses. The court held that "there is no requirement that the victim suffer a pecuniary loss so long as he has parted with his property" and that "once the victim has parted with his property in reliance on a false representation, it is immaterial whether whatever he got in return is equal in exchange value to that with which he parted." 396 P.2d at 8. Moreover, the Mills court cited with approval Judge Learned Hand's statement in United States v. Rowe, 56 F.2d 747, 749 (2d Cir.1932), that "[a] man is none the less [sic] cheated out of his property when he is induced to part with it by fraud, because he gets a quid pro quo of equal value." The language of Section 812.021(1)(a), Florida Statutes, does not *306 suggest to us that the crime turns on whether or not there was value received by the victim.[2]
In the instant case, it is undisputed that the actual treatment given by the appellant (a preventive treatment for dry-wood termites) was a bona fide treatment and that the price charged was fair. This, however, cannot insulate the appellant from criminality otherwise established.
In Collins v. State, 319 So.2d 135 (Fla. 2d DCA 1975), the state was not able to prove the element of deception in the inducement since they showed no "trick" in the inducement. The only trick or deceptive inducement suggested by the state's evidence prior to the agreement between the parties (for the appellant to fertilize the victim's lawn) related to the amount of buckets of fertilizer needed. Appellant made no representation as to a given number of buckets needed and the victim's own testimony was that she agreed with appellant that not "too many" buckets appeared necessary. Thus, in the first instance there was no reliance on any representation of appellant.
In contrast, the instant case is replete with false representations occurring prior to the agreement between the parties.[3] Not only did appellant misrepresent the presence of termites in the victim's attic, but he also misrepresented the identity of his employer and that he had the victim's contract when in reality he did not. Thus, there was clearly "trick." See Williams v. State, 239 So.2d 127 (Fla. 4th DCA 1970).
In Collins, the appellant's representation of the fertilizer as being good quality was held to be mere "dealer puffing" which is not condemned by the criminal law. See Criner v. State, 92 Fla. 483, 109 So. 417 (1926); 14 Fla.Jur., False Pretenses § 5 (1957).
As phrased by Collins, the issue in that case boiled down to the following:
... however reprehensible appellant's business practices may be in the eyes of the Better Business Bureau, and however amenable he may be to revocation of whatever local business licenses he may have, his actions ... do not constitute a crime or an attempt to commit a crime under the laws of this state. 319 So.2d at 137-38.
Likewise, in Mehr v. State, 59 So.2d 259, 261 (Fla. 1952), the court stated "... the conduct of [the defendant] ... cannot be condoned from any ethical standard, but the question is its criminal character."
Nothing we say herein should be construed as a departure from or softening of these considerations. It is submitted that as well as being reprehensible and unethical, appellant's conduct in this case fell within the ambit of Section 812.021, Florida Statutes.
This court realizes that in cases of this nature the civil side of the court may afford more appropriate relief to the victim. And, while this set of facts could give rise to civil liability through which the lady's money could be recovered, we feel that a criminal sanction is equally appropriate in the instant case.
*307 We find no merit with appellant's other assignments of error.
Affirmed.
McNULTY, A.C.J., and GRIMES, J., concur.
NOTES
[1] In Anglin v. Mayo, 88 So.2d 918 (Fla. 1956), the court held that § 811.021, Fla. Stat. (the predecessor of 812.021) superceded § 817.01, Fla. Stat. which defined the crime of obtaining property by false pretenses. Sec. 817.01, Fla. Stat., repealed in 1957, provided in part as follows:

Whoever designedly by a false pretense, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains with such intent the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished by imprisonment in the state prison not exceeding ten years, or by fine not exceeding five hundred dollars.
[2] Cf. Rosengarten v. State, 171 So.2d 591 (Fla. 2d DCA 1965) where this court upheld a conviction for grand larceny. In dicta, the court stated that "[a] man is defrauded if, by intentionally false representations of fact he has been induced to ... pay money or to deliver property upon receipt of something quite different from what he understood he was getting... ." 171 So.2d at 595.
[3] In Youngker v. State, 215 So.2d 318, 323 (Fla. 4th DCA 1968), the Fourth District Court of Appeal stated:

A promise to do something in the future, even though it be a false promise, is not a representation of a past or existing fact and will not support a conviction for false pretenses. See Scarlett v. State, 25 Fla. 717, 6 So. 767 (1889); Abernathy v. State, 333 So.2d 42 (Fla. 4th DCA 1976); Colangelo v. State, 320 So.2d 826 (Fla. 4th DCA 1975); Waterman v. State, 317 So.2d 469 (Fla. 4th DCA 1975).