419 So.2d 300 (1982)
Merle R. STURDIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 59416.
Supreme Court of Florida.
June 24, 1982.
Rehearing Denied October 5, 1982.
Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, Miami, for appellant.
*301 Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
This is a direct appeal from a conviction of first-degree murder and sentence of death. The trial court ruled that the jury's recommendation of death mandated the imposition of the death penalty because the offense occurred in 1971. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We find we must reverse both the conviction and sentence and remand for new trial because the trial court committed reversible error in refusing to instruct the jury as to any lesser included offenses. For purposes of retrial, we have addressed other issues presented, finding appellant's confession valid, finding no speedy trial violation, and finding the present death penalty statute applicable.
The facts necessary for our review are as follows: In April, 1971, police discovered the victim's body in a Miami Beach apartment. There was no evidence of a struggle, causing the pathologist to believe the attack had been sudden and unexpected, with the decedent becoming incapacitated quickly. In May, 1971, appellant, Merle R. Sturdivan, was in custody in Kansas City, Missouri, concerning another homicide. A Miami Beach detective met appellant in Missouri and obtained a statement from him. Appellant confessed, telling the detective that he met the victim in a bar, that they later went to the victim's apartment, where they engaged in homosexual activities, and, while the victim slept, appellant strangled him, both with his hands and then with a towel to ensure death. Although in 1971 a justice of the peace issued an arrest warrant and delivered it to the city police and the state filed a detainer with the state of Missouri, no indictment was filed against appellant until eight years later, in 1979. Appellant was tried in 1979, the jury finding him guilty of first-degree murder and recommending the imposition of the death penalty. The trial judge ruled that the 1971 death penalty statute controlled because this offense occurred in 1971 and expressly stated, "The recommendation of the jury is binding upon the court."
We will address the issue requiring reversal and certain issues raised which could affect appellant's retrial.
The issue requiring a total retrial is the trial court's failure to give instructions on necessary lesser included offenses to first-degree premeditated murder. Both prior to and at trial, defense counsel requested the trial court to give jury instructions on the necessary lesser included degrees of first-degree murder. Defense counsel argued that instructions were proper because the issuing of the warrant for appellant's arrest and its delivery to the appropriate authorities tolled the statute of limitations for the lesser offenses. The state, on the other hand, contended that the statute of limitations was not tolled by the justice of the peace warrant and its subsequent delivery to the Miami Beach police department for use as a detainer in Missouri. In an argument we would expect from a defendant, the state asserts that, even though a warrant which is delivered to a proper official for execution ordinarily indicates an intent to commence prosecution, a warrant that is issued, given to an official for execution, and used as a detainer only "evidences an intent to prosecute sometime in the future and should not be considered to commence prosecution for the purpose of the statute of limitations."
It is settled law in Florida that for the purposes of the statute of limitations, prosecution has commenced when a warrant has been issued and placed in the hands of the proper official for execution. Dubbs v. Lehman, 100 Fla. 799, 130 So. 36 (1930); Rosengarten v. State, 171 So.2d 591 (Fla.2d DCA 1965). We reject the state's position and find that under the facts of this case the prosecution had commenced not only for the offense charged, first-degree premeditated murder, but also for all necessary lesser included offenses, given that the warrant issued within two years from the commission of the offense.
Directly related to this point is the requirement that the state must show in *302 the information or indictment that the prosecution "for the offense charged" has begun within the statute of limitations. Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943); Rouse v. State, 44 Fla. 148, 32 So. 784 (1902). The charging document may meet this requirement by showing on its face the date of the crime and the date the document issued. If, however, it appears from the date shown on the charging document that the statute of limitations may have run, the state must allege facts necessary to show the statute was tolled for the offense charged before prosecution commenced. The issuing of a warrant and its delivery for execution constitute circumstances which do toll the statute. If the state does not allege the tolling of the statute in an otherwise sufficient information or indictment, a defendant may by his actions waive this defense.
We emphasize that our holdings only require the prosecution to show in the charging document that the statute of limitations has been tolled "for the offense charged." Our decisions have never required the state to allege tolling for all the necessary or permissive lesser included offenses. Further, there is no requirement that the charging document contain either a list of the appropriate lesser included offenses or the statute of limitations for each.
Our decision in Spaziano v. State, 393 So.2d 1119 (Fla. 1981), is not controlling. That decision concerned instructions to the jury on lesser included offenses for which both sides conceded that the statute of limitations had run. Our ruling was based on our belief that the trial court would perpetrate an absolute fraud on the jury if it were to instruct on lesser included offenses for which the defendant could neither be convicted nor sentenced. In Spaziano, we concluded that where the state charges a defendant with a capital offense and where it unquestionably appears that the statute of limitations has run on the necessary lesser included offenses, either the defendant must waive the statute of limitations defense, and thus subject himself to possible conviction and sentence for one of them, or the trial court will instruct only for the capital offense. We distinguish Spaziano because in the instant case the issuance of the warrant and its eventual delivery to the Missouri state prison system clearly tolled the statute of limitations for appellant's lesser included offenses. As a result, appellant was entitled to have the jury instructed on the lesser included offenses for first-degree premeditated murder.
We find the refusal of appellant's trial counsel to waive possible defenses to the indictment in return for the lesser included instructions is not determinative under the circumstances of this case. We also find that the trial court's refusal to give the lesser included instructions cannot be harmless error. See State v. Abreau, 363 So.2d 1063 (Fla. 1978); Lomax v. State, 345 So.2d 719 (Fla. 1977). Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), also requires this result. Accordingly, this cause must be remanded to the trial court for a new trial.
To assist in the retrial of this cause, we deem it appropriate to address three other issues presented. The first concerns appellant's confession. At trial appellant testified that, prior to his confession to the detective, he was advised that Florida would not extradite or prosecute him for the murder. He also testified that he thought the detective was only interested in "clearing up the case." The investigating detective testified that he could not remember making any statements that appellant would not be prosecuted or extradited. However, a newspaper reporter testified that from his recollection the detective had made some of those statements. In response to this contention, it is argued that the prosecutor, in cross examination, elicited from appellant an admission that no promises or threats were made at the time of the confession.
Appellant takes the position that his confession was involuntary because he made the statement only in response to a request to help "clear up the case." Appellant asserts, therefore, that the confession must be suppressed under the dictates of Frazier v. *303 State, 107 So.2d 16 (Fla. 1958). This contention is without merit. The evidence as heard at the suppression hearing clearly indicates that appellant made the confession voluntarily. Although appellant testified that he thought he would not be prosecuted, he also testified that he had not been promised anything in return for his statement. Appellant's typed and signed confession states that authorities made no promises or threats. The evidence totally supports the trial court's finding that the confession was voluntary. See Stone v. State, 378 So.2d 765 (Fla. 1979).
The second point concerns an assertion by appellant that he was prejudiced by the eight-year delay between the time of the murder and the time of his trial. While incarcerated in a Missouri prison for another murder, appellant knew that Florida had charged him with this offense, but he made no demand for trial. Because the state has the burden of proof, delay works against the state more than it does against a defendant. Here, appellant had an opportunity to demand a trial but did not. More importantly, he has not shown in what manner, if any, he has been prejudiced by the delay. We conclude that appellant was not prejudiced and that he has not been denied his constitutional right to speedy trial. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); Fla.R.Crim.P. 3.191.
The final issue we discuss concerns the trial court's application of our previous death penalty statute which the United States Supreme Court found deficient. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); see also Anderson v. State, 267 So.2d 8 (Fla. 1972) (death sentences reduced to life in accordance with Furman). The ruling of the trial court clearly reflects the belief that, because the crime was committed in 1971, the death penalty procedure in effect on that date was applicable and that the court was therefore bound by the jury's recommendation of death. The trial court's ruling not only violates the dictates of Furman but is contrary to Dobbert v. State, 328 So.2d 433 (Fla. 1976), aff'd, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). In Dobbert, we held that the present death penalty procedure could be applied to offenses committed prior to its adoption. See § 921.141, Fla. Stat. (1981). On remand, the present statute must control.
For the reasons expressed, appellant's conviction and sentence of death are reversed and the cause is remanded for proceedings consistent with the views expressed in this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.