479 So.2d 229 (1985)
The STATE of Florida, Appellant,
v.
Margarita CHACON, Appellee.
No. 85-720.
District Court of Appeal of Florida, Third District.
December 3, 1985.
Jim Smith, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Stuart Markus, Miami, for appellee.
*230 Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the state from an order dismissing an information on the ground that the prosecution herein was barred by the statute of limitations. We reverse.
On May 22, 1981, an information was filed in the court below charging the defendant Margarita Chacon with grand theft in violation of Section 812.014, Florida Statutes (1981). The crime charged is alleged to have taken place between November 8-12, 1980. On May 12, 1981, an arrest warrant for the defendant on the aforesaid grand theft charge was issued and placed in the hands of the Dade County Public Safety Department for service. On October 25, 1984, the defendant was arrested in Dade County on the outstanding arrest warrant. The defendant filed a motion to dismiss the information on the ground that it was time-barred by the three-year statute of limitations for second degree felonies [grand theft is a second degree felony] as provided by Section 775.15(2)(b), Florida Statutes (1981). The trial court granted the motion and this appeal follows.
First, the applicable statute of limitations for grand theft is not the three-year statute under Section 775.15(2)(b), Florida Statutes (1981), but, as the Fifth District has recently held, the five-year statute under Section 812.035(10), Florida Statutes (1981), which is made specifically applicable to all theft prosecutions notwithstanding any other contrary statute. State v. Bare, 473 So.2d 799 (Fla. 5th DCA 1985). Section 812.035(10), Florida Statutes (1981) reads in pertinent part as follows:
"Notwithstanding any other provision of law, a criminal ... action or proceeding under ss. 812.012-812.037 may be commenced at any time within 5 years after the cause of action accrues."
Second, the prosecution in this case was plainly begun on May 12, 1981, when an arrest warrant for grand theft against the defendant was issued and placed in the hands of the Dade County Public Safety Department for service. The law is well-settled that "for the purposes of the statute of limitations, prosecution has commenced when a warrant has been issued and placed in the hands of the proper official for execution." Sturdivan v. State, 419 So.2d 300, 301 (Fla. 1982); see Dubbs v. Lehman, 100 Fla. 799, 130 So. 36 (1930); Rosengarten v. State, 171 So.2d 591 (Fla.2d DCA), cert. denied, 177 So.2d 476 (Fla. 1965). It follows, then, that the prosecution herein was properly commenced within five years after November 8-12, 1980, the dates of the alleged crime of grand larceny, and, therefore, the instant prosecution was not time-barred under Section 812.035(10), Florida Statutes (1981).
The order under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.