PER CURIAM.
By his petition for writ of habeas corpus the petitioner alleges incompetency of his appellate counsel based upon said counsel’s failure to allege as error denial of the petitioner’s motion to dismiss on the grounds that the statute of limitations had run and to allege error in the petitioner not being present while the trial court answered a jury question during deliberations.
The record on appeal reveals that the prosecution in this cause was commenced shortly after the offense (and well within the statute of limitations) by issuance of an arrest warrant and delivery for execution, thereby tolling the statute of limitations. See Sturdivan v. State, 419 So.2d 300 (Fla.1982); Rubin v. State, 390 So.2d 322 (Fla.1980). This issue was fully litigated in the trial court and appellate counsel are not required to raise points on appeal which are clearly without merit.
The record also reveals that the trial court, before answering the jury’s question during deliberation, recognized the necessity of having the defendant (petitioner herein) present and there is no indication in the record that he was not brought present. Furthermore, petitioner’s counsel was present, and the petitioner has failed to show he was in any way prejudiced if he were in fact, not present. See Hitchcock v. State, 413 So.2d 741 (Fla.1982). Therefore, the petitioner has failed to meet the threshold burden necessary to prove ineffective assistance of appellate counsel and the petition for writ of habeas corpus be and it is hereby denied.
Denied.