487 So.2d 65 (1986)
STATE of Florida, ex rel. Allen Quincy WELCH, Petitioner,
v.
The CIRCUIT COURT in and for ESCAMBIA COUNTY, Florida, and the Honorable John T. Parnham, One of the Judges of Such Court, Respondent.
No. BL-26.
District Court of Appeal of Florida, First District.
April 9, 1986.
Rehearing Denied May 2, 1986.
Nicholas J. Capuano, Miami, for petitioner.
Jim Smith, Atty. Gen., and Norma J. Mungenast, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner seeks to prohibit his trial on charges of armed robbery alleging that the statute of limitations, section 775.15, Florida Statutes (1977), has expired.
*66 Section 775.15 which was in effect at the time of the charged offense provides in pertinent part:
775.15 Time limitations. 
(1) A prosecution for a capital or life felony may be commenced at any time... .
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a felony of the first degree must be commenced within 4 years after it is committed.
.....
(5) A prosecution is commenced when either an indictment or information is filed... .
(6) The period of time limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
The offense with which petitioner is charged is a first degree felony. Thus, under the foregoing provisions, the maximum period of time which may elapse between the date of the crime and the commencement of prosecution is seven years. Here, the crime occurred on September 8, 1977. Although a warrant for petitioner's arrest was issued within a few days, the warrant was never executed and no further activity occurred until after seven years had elapsed. That is, no indictment or information was filed until after the limitation period had expired.
Relying on Sturdivan v. State, 419 So.2d 300 (Fla. 1982), respondent argues that the issuance of the arrest warrant in 1977 commenced prosecution for purposes of the statute of limitations. In Sturdivan, however, the crime giving rise to the appeal occurred at a time when a previous statute of limitations, section 932.465, Fla. Stat. (1971), was in effect. Section 932.465 did not include a definition of the term "commencement" and under that statute, the court held that prosecution could be commenced by the issuance of a warrant. However, due to the express and unambiguous definition of the term "commencement" in the current statute, the rationale of Sturdivan is not applicable to prosecutions for crimes committed after the effective date of section 775.15. Therefore, we find that the trial court improperly denied petitioner's motion to dismiss.
This cause was initiated in this court by the filing of a document entitled "Rule Nisi," a term unknown to the modern rules of appellate procedure. This document was accompanied by a "Suggestion" which embodied the essential requirements of a petition for writ of prohibition. Pursuant to Rule 9.040(c), we have treated the pleading as a petition for writ of prohibition under Rule 9.100. Typically, resort to rule 9.040 is necessary to preserve the rights of pro se appellants. We expect members of The Florida Bar to be familiar with the procedural rules of the court prior to their appearance on behalf of clients. We also find unacceptable counsel's puerile comments included in his "Reply to Response." We warn counsel that failure to comply with the Florida Rules of Appellate Procedure in the future may result in the imposition of sanctions. See Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978).
Although we find the trial court erred in denying petitioner's motion to dismiss, we withhold formal issuance of the writ and remand with instructions that the motion to dismiss be reconsidered in accordance with this opinion.
THOMPSON, ZEHMER, and BARFIELD, JJ., concur.