LETTS, Judge.
Prosecution for aggravated assault must be “commenced” within three years after it has been committed. With regard to the meaning of the word “commenced,” section 775.15(5), Florida Statutes (1985), reads in relevant part as follows:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant’s absence from the state shall be considered. [Emphasis supplied.]
The parties in the present case disagree as to the meaning of the word “executed” in the above quoted paragraph. The State contends that it means signed by a judge and delivered to the sheriff’s office, whereas the defendant contends that it requires service upon the defendant. We agree with the defendant and affirm.
True, “to execute” can also mean “to sign,” but we do not think that this was the intended meaning in the above-quoted statute. If execution simply referred to a signing and/or delivery to a sheriff, the additional language in the statute regarding a defendant’s absence would not be necessary. The statute speaks to unreasonable delay and also points out that delay in execution due to a defendant’s absence from the state would not be unreasonable. “Execution” therefore obviously requires the presence of the defendant, not simply a magistrate’s signature on the warrant or delivery of the warrant to a sheriff.
While we are confident of the correctness of our ruling, we are not unaware of the supreme court case of Sturdivan v. State, 419 So.2d 300, 301 (Fla.1982), wherein the court stated, “It is settled law in Florida that for the purposes of the statute of limitations, prosecution has commenced when a warrant has been issued and placed in the hands of the proper official for execution.” Yet it appears to us that the Sturdivan court did not purport to be in-terpretmg section 775.15(5), and never alluded to it. Moreover, in the Sturdivan decision, the holding of the case did not address itself to the timeliness of the execution of the arrest warrant, but rather to the effect of a late filed indictment. Further, the court in Sturdivan relied on Ro-sengarten v. State, 171 So.2d 591 (Fla. 2d DCA 1965), as authority for its statement that prosecution is commenced when a warrant has been issued and placed in the hands of a proper official for execution. The court in Rosengarten, however, was interpreting section 932.05, Florida Statutes (1965), a predecessor statute to section 775.15 when it propounded the above-stated general rule. The predecessor statute, quite unlike the current statute in many respects, does not contain the language now expressed in section 775.15(5) regarding execution of a warrant without unreasonable delay. We therefore conclude that the rule enunciated in Sturdivan and Ro-sengarten is not applicable to the present case.
Two recent cases, Warren v. Wainwright, 483 So.2d 820 (Fla. 3d DCA 1986), and State v. Chacon, 479 So.2d 229 (Fla. 3d DCA 1985), appear to be in conflict with that which we now hold. They also rely on the statement in Sturdivan, however, that mere issuance and delivery for execution of an arrest warrant commences the prosecution. Neither of these cases cites or appears to consider the impact of section 775.-15(5), Florida Statutes, and that is why we come to the opposite result. Another recent case, State ex rel. Welch v. The Circuit Court in and for Escambia County, 487 So.2d 65 (Fla. 1st DCA 1986), clearly supports our position. We regret that neither party filed a notice of supplementary authority of this obviously pertinent decision from our sister court.
AFFIRMED.
HERSEY, C.J., and WALDEN, J„ concur.