505 So.2d 1336 (1987)
STATE of Florida, Petitioner,
v.
Willie FIELDS, Respondent.
No. 69211.
Supreme Court of Florida.
April 23, 1987.
Robert A. Butterworth, Atty. Gen., and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for respondent.
GRIMES, Judge.
We review State v. Fields, 502 So.2d 5 (Fla. 4th DCA 1986), because of asserted conflict with Sturdivan v. State, 419 So.2d 300 (Fla. 1982), and cases relying thereon; Art. V, § 3(b)(3), Fla. Const.
On January 20, 1982, Fields was charged by information with committing an aggravated assault on January 4, 1982. A warrant for his arrest was issued on that date but was not served until August 7, 1985. Fields moved to discharge the information on grounds that the three-year statute of limitations for aggravated assault had expired by reason of section 775.15(5), which reads:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay.
In discharging the information the trial judge found that Fields had resided at the same address for the preceding five years, that the state knew his address, and that no attempt had been made to execute the capias until the date Fields was served. *1337 Acknowledging that its opinion could be in conflict with Sturdivan, the Fourth District Court of Appeal, nevertheless, affirmed.
In Sturdivan this Court said, "It is settled law in Florida that for the purposes of the statute of limitations, prosecution has commenced when a warrant has been issued and placed in the hands of the proper official for execution." 419 So.2d at 301. If this statement reflects current law, the prosecution of Fields was timely commenced and the delay in service was irrelevant. However, Sturdivan was referring to an arrest warrant issued and delivered to the police in 1971  prior to enactment of section 775.15(5). The cases cited by Sturdivan in support of the foregoing quotation also interpreted earlier statutes which did not contain the present definition of commencement. Furthermore, the issue in Sturdivan was the effect of a late filed indictment rather than the timeliness of the execution of the arrest warrant. Hence, we hold that Sturdivan cannot be considered as having interpreted section 775.15(5). Accord State ex rel. Welch v. Circuit Court of Escambia County, 487 So.2d 65 (Fla. 1st DCA), review denied, 492 So.2d 1330 (Fla. 1986).
Likewise, we agree with the district court of appeal that the word "executed" in section 775.15(5) can only mean service upon the defendant. Since the record supports the trial judge's findings concerning unreasonable delay, the order of discharge was properly entered. We do not decide whether the same result would ensue if the information had been filed immediately before the expiration of limitations period or if Fields had been served before the statute of limitations ran.
We approve the opinion of the district court of appeal. We disapprove Warren v. Wainwright, 483 So.2d 820 (Fla. 3d DCA 1986), and State v. Chacon, 479 So.2d 229 (Fla. 3d DCA 1985), to the extent that they rely upon Sturdivan for an interpretation of section 775.15(5).
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.