HERSEY, Chief Judge.
This is an appeal from a conviction of grand theft. The issues raised by appellant relate to the date on which the offense occurred.
In 1978 appellant, an attorney, negotiated the settlement of a personal injury claim for Angelette Anderson, a minor, and her parents, Doshie and John.
Doshie was appointed guardian and was given possession of the settlement funds. Subsequently, because it appeared that Do-shie was improperly expending the funds, appellant had Doshie transfer $50,000 to his brokerage firm where it was placed in a special or escrow account. It is a portion of these funds, received by appellant in 1978 or 1979, that appellant stands convicted of stealing.
When Doshie and John were divorced in 1982, John became guardian of Angelette and contacted appellant concerning the funds. Appellant told John that there remained approximately $45,000 in the escrow account and instructed John to open another account so that appellant could transfer increments of the money to that account. This was accomplished and John received two checks between 1982 and 1984, one for $10,000 and another for $20,-000.
In 1984 John left the country and lost contact with appellant. Because of his inability to communicate with appellant, John wrote directly to the judge having jurisdiction over the guardianship. The judge then wrote to appellant and inquired about the funds. Appellant responded and explained to the judge that he was retaining the balance until John fulfilled his duty as guardian by filing an accounting.
Based upon his retention of the remaining balance of the funds, appellant was charged with grand theft. A warrant for appellant’s arrest issued on February 26, 1986, provided:
To all and Singular Sheriffs of the State of Florida:
Whereas DETECTIVE DON COLEMAN, Indian River County Sheriff’s Department has this day made oath before me that between the dates of November 10, 1985 and the 26th day of February A.D. 1986 in the County aforesaid, one KENNETH PADGETT did then and there knowingly obtain or use, or endeavor to obtain or use the property of another, to-wit: United States Currency, belonging to ANGELETTE ANDERSON and/or SERGEANT JOHNNIE ANDERSON, as owner or custodian, value over One Hundred ($100.00) Dollars, with the intent to either temporarily or permanently deprive or defraud the true owner of its right to the property or benefit therefrom, or to appropriate the property to the use of the taker or to the use of any person not entitled thereto, contrary to Florida Statute 812.014; _
Appellant was arrested on March 5,1986. On April 10, 1986, the following Information was filed by the state in which the year “1985” was omitted following the phrase “the 10th day of November:”
IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:
BE IT REMEMBERED that BRUCE H. COLTON, State Attorney for the Nineteenth Judicial Circuit of the State of Florida, prosecuting for the State of Florida, in Indian River County, under oath, information makes, that KENNETH PADGETT, between the 10th day of November and the 26th day of February, one thousand nine hundred and eighty six in the county of Indian River and State of Florida did then and there unlawfully, feloniously and knowingly obtain or use, or endeavor to obtain or use the property of another, towit: UNITED STATES CURRENCY, belonging to ANGELETTE ANDERSON and/or SERGEANT JOHNNIE ANDERSON, as owner or custodian, value of One Hundred Dollars ($100.00) or more, with the intent to either temporarily or permanently deprive or defraud the true owner of their right to the property or benefit therefrom, or to appropriate the property to the use of the taker or to the use of any person not entitled thereto, in violation of Florida Statute 812.041;
[[Image here]]
*665 Based partially upon the missing date, appellant argues that (1) the five-year statute of limitations on grand theft had run on this offense which occurred in 1978 or 1979; (2) the Information is fatally defective and vague; and (3) a fatal variance exists between the Information and the evidence. We consider these related issues seriatum.
Appellant contends that the taking occurred in 1978 or 1979 when the funds were transferred to his brokerage account. The state maintains that the offense occurred sometime after 1982 when John was guardian and requested transfer of the funds to him. Since there was no objection by John to incremental transfers of the funds, argues the state, there was no wrongful withholding or retention until either the breakdown in communications in 1984 or, subsequently, upon appellant’s refusal to turn over the funds in response to an inquiry from the judge. It seems clear to us on this record that appellant’s holding of the funds was entirely proper initially, with the guardian Doshie’s permission and, subsequently, with permission of the guardian, John. There was thus no wrongful retention until sometime after 1982 and the statute of limitations is therefore no bar.
Appellant argues alternatively (and regardless of when the offense was actually committed) that the Information, technically deficient for omission of the critical date “1985,” is, by this omission, rendered fatally defective and vague and therefore insufficient to support his conviction. This vague reference, he argues, does not show that the offense occurred within the statute of limitations because the 10th day of November could have fallen in any year prior to the 26th day of February 1986.
Generally an Information must show that prosecution of the offense charged was begun within the statute of limitations and that may be done by including on the face of the Information the date of the offense and the date the information issued. Sturdivan v. State, 419 So.2d 300 (Fla.1982). The state has the burden of showing that the statute has not run, if it appears from the face of the information that it has, by alleging facts showing that the statute had been tolled. Issuance of the warrant and execution thereof will toll the limitations period. Id. at 302.
The state argues that the conviction should not be reversed on the basis of the omitted date because the warrant showed that date and the appellant acknowledged the date as 1985 in his post-trial motion for arrest of judgment. This acknowledgment and actual knowledge from the warrant, contends the state, dispels any possibility of prejudice to the appellant. We agree.
Rule 3.140(o), Florida Rules of Criminal Procedure, provides:
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
As stated in Lightbourne v. State, 438 So.2d 380, 384 (Fla.1983), cert, denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984),
An indictment or information will be dismissed for vagueness only if it is so vague, indistinct and indefinite so as to mislead a defendant or embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. State v. Dilworth, 397 So.2d 292 (Fla.1981); State v. Black, 385 So.2d 1372 (Fla.1980); Fla.R.Crim.P. 3.140(o).
Accord York v. State, 432 So.2d 51 (Fla. 1983). Since the appellant knew the omitted date was 1985, the information as drafted cannot be seen as so vague as to *666 have misled or embarrassed him in his defense.
Appellant’s third argument is entirely dependent for its persuasiveness upon the same arguments which comprise his first two issues and their relationship to each other. Having concluded that neither are meritorious, we reach the same conclusion here.
AFFIRMED.
DOWNEY and ANSTEAD, JJ„ concur.