PER CURIAM.
Raising several issues on appeal, Retha Sue Whitfield seeks review of her judgments of conviction and the sentences imposed for 132 offenses. For the reasons set forth below, we reverse appellant’s convictions on 15 drug offenses. We affirm the convictions on all other offenses without elaboration.
In counts 1 through 13 of the amended information, appellant was charged with unlawfully acquiring or obtaining controlled substances “by misrepresentation, fraud, forgery, deception, or sub *1028 terfuge,” contrary to section 893.13(3)(a)l, Florida Statutes (1985). The offenses were alleged to have occurred between January 20 and December 1, 1986, and were subject to the three-year limitations period applicable to third degree felonies. See § 775.-15(2)(b), Fla.Stat. The amended information first charging these offenses was not filed until December 6,1989, and alleged no facts indicating that the statute of limitations was tolled for the offenses before prosecution commenced. Appellant’s convictions for these offenses must be reversed as the state failed to establish in the information that the prosecution was commenced within the limitations period. See Sturdivan v. State, 419 So.2d 300 (Fla.1982).
In counts 25 and 32, appellant was charged with unlawfully acquiring or obtaining “a controlled substance, to-wit: Darvocet, also known as Propoxyphene Napsylate” contrary to section 893.-13(3)(a)l, Florida Statutes. The appellant unsuccessfully moved for judgments of acquittal, arguing that no evidence established that she acquired or obtained a controlled substance listed in section 893.03, Florida Statutes. The trial court should have granted the motion. Although the evidence established that appellant obtained “Darvocet,” which was variously referred to as “propoxyphene anthrocet” and “propoxyphene napsy/apap,” nothing in the record indicates that appellant unlawfully obtained “dextropropoxyphene,” the controlled substance listed in the applicable statute. See § 893.03(4)(o), Fla.Stat. (1987). Nor was there any evidence that the charged substance was a compound that contained the listed controlled substance, dextropropoxyphene. Cf. State v. Sobel, 363 So.2d 324 (Fla.1978) (proof that the defendant possessed lysergic acid diethylamide was sufficient to support conviction for charged offense of possession of lysergic acid where testimony established that diethylamide contained lysergic acid and could be reduced to the prohibited substance).
Accordingly, we are obliged to reverse appellant’s convictions on counts 1 through 13, 25 and 32, and remand the case for resentencing.
ZEHMER, BARFIELD and MINER, JJ., concur.