780 So.2d 89 (2000)
STATE of Florida, Appellant,
v.
Lawrence ROBBINS, Appellee.
No. 2D00-1000.
District Court of Appeal of Florida, Second District.
January 5, 2000.
Rehearing Denied March 8, 2001.
*90 Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly Nolen Hopkins, Assistant Attorney General, Tampa, for Appellant.
Lawrence Robbins, pro se.
GREEN, Judge.
The State of Florida appeals the trial court's order which granted the appellee, Lawrence Robbins, relief based on his motion for postconviction relief. We reverse.
Initially, Robbins was charged with two counts of robbery. After Robbins failed to appear on the robbery charges, on June 20, 1989, he was charged with one count of failure to appear. Robbins was eventually located in Massachusetts and extradited to Pinellas County, Florida, in 1996. On March 11, 1997, he pleaded nolo contendere to all of the above-referenced charges. He was sentenced to ten years of imprisonment as a habitual felony offender on two counts of robbery and one count of failure to appear, all to run concurrently. He did not pursue a direct appeal of his convictions and sentences.
Subsequently, on December 4, 1998, Robbins filed a timely motion for postconviction relief. The trial court issued an order to show cause as to why he was not entitled to the relief. The state filed its response to the order to show cause on May 17, 1999. On August 5, 1999, the trial court issued an order denying in part Robbins' motion for postconviction relief and directing an evidentiary hearing. Prior to the evidentiary hearing, Robbins filed a motion to amend or supplement his motion for postconviction relief with an incorporated memo of law. The amended motion claimed fundamental error in that the statute of limitations had expired on the failure to appear charge and that the state allegedly failed to establish the statute was tolled by its due diligence.
The trial court granted Robbins' motion for postconviction relief. According to the order under review, the state fundamentally erred in failing to establish due diligence in its efforts to locate Robbins. Despite a determination that the statute of limitations was not mentioned during the plea and sentencing proceeding, the trial court found the absence of evidence on the issue of due diligence resulted in a lack of jurisdiction to convict and sentence Robbins on the failure to appear charge. As such, the trial court ruled that the failure to appear charge should be dismissed.
Based on its decision to dismiss the failure to appear charge, the trial court further ordered that Robbins be allowed to withdraw his plea on the robbery charges. According to the order, the plea could be withdrawn because Robbins alleged he would not have entered a plea had he known the statute of limitations had expired on the failure to appear charge and because he would have proceeded to trial on the robbery charges.
We first note that the circumstances which gave rise to this appeal were known to Robbins at the time he entered his plea of nolo contendere, and he did not allege any error for direct appeal. The sole defect now being complained of has to do with the state's failing to establish and allege in the charging document that the offenses were not time barred by reason of the statute of limitations. See § 775.15(5), Fla. Stat. (1989). Failure to state the reason the offense is not time barred within the charging document has been held to be error. See, e.g., Sturdivan v. State, 419 So.2d 300 (Fla.1982); Whitfield v. State, 620 So.2d 1027 (Fla. 1st DCA 1993).
In Sturdivan, the Florida Supreme Court recognized that failure to supply information in a charging document that an offense is not time barred is error. See Sturdivan, 419 So.2d at 302. However, it is a defense that may be waived. The court stated:

*91 Directly related to this point is the requirement that the state must show in the information or indictment that the prosecution "for the offense charged" has begun within the statute of limitations. Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943); Rouse v. State, 44 Fla. 148, 32 So. 784 (1902). The charging document may meet this requirement by showing on its face the date of the crime and the date the document issued. If, however, it appears from the date shown on the charging document that the statute of limitations may have run, the state must allege facts necessary to show the statute was tolled for the offense charged before prosecution commenced. The issuing of a warrant and its delivery for execution constitute circumstances which do toll the statute. If the state does not allege the tolling of the statute in an otherwise sufficient information or indictment, a defendant may by his actions waive this defense.
Sturdivan, 419 So.2d at 301-02.
We have found no case holding that the statute-of-limitations defense cannot be waived. In Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982), approved, 459 So.2d 306 (Fla.1984), the court, after holding that even fundamental error can be waived, commented as follows:
Though the issue of whether a defendant may waive the statute of limitations for purposes of conviction appears never to have been directly addressed in Florida, we find compelling the logic of those jurisdictions which have permitted such waiver. In People v. Lohnes, 76 Misc.2d 507, 351 N.Y.S.2d 279 (1973), the court not[ed] that the right of a defendant to waive his statute of limitations defense to a charge of a lesser-included offense was established in 1902 in New York in People v. Austin, 63 App.Div. 382, 71 N.Y.S. 601, affirmed, 170 N.Y. 585, 63 N.E. 1120 (N.Y.1902)[.]
Tucker, 417 So.2d at 1011-12.
We conclude that Robbins, by his nolo contendere plea, waived any statute-of-limitations defense and cannot now obtain postconviction relief because of this deficiency.
Reversed.
PARKER, A.C.J., and STRINGER, J., concur.