SCHWARTZ, Senior Judge
(dissenting).
I cannot believe, much less agree, that the meaningless, super-technical “mistake” in this case — the failure of the information to allege specifically what everyone knew to be true, that the victim was under sixteen — should result in the negation, for a new, wrenching and utterly senseless trial, of an otherwise spotless conviction for a crime not only fully established by the evidence but essentially uncontradicted. See Bowden v. State, 642 So.2d 769 (Fla. 1st DCA 1994), review denied, 651 So.2d 1192 (Fla.1995); Padgett v. State, 519 So.2d 663 (Fla. 4th DCA 1988), cause dismissed, 525 So.2d 880 (Fla.1988); Blow v. State, 386 So.2d 872 (Fla. 1st DCA 1980), petition for review denied, 392 So.2d 1372 (Fla.1981).
In my view, the reversal in this case makes a mockery of the rules against indulging legalisms for the sake of indulging legalisms. See Langdon v. State, 947 So.2d 460, 464, n. 11 (Fla. 3d DCA 2006) (Schwartz, Senior Judge, dissenting); Doctor v. State, 677 So.2d 1372, 1373-74 (Fla. 3d DCA 1996) (Schwartz, C.J., specially concurring), approved, 698 So.2d 1224 (Fla.1997). Indeed, the fact that the defendant succeeded at the trial as to his only defense to the sexual battery charge, consent, which is not a defense to the lesser lewd and lascivious charge of which he was convicted and sentenced below, conclusively establishes the complete propriety of that result. It is a mystery, apparently resolvable only by combining the jurisprudential observations of Mr. Bumble, see Kukral v. Mekras, 647 So.2d 849, 851 & n. 1 (Fla. 3d DCA 1994) (Jorgenson, J., dissenting), quashed, 679 So.2d 278 (Fla.1996), and Benjamin N. Cardozo, see Langdon; Dottor, why the majority decides otherwise.