453 So.2d 438 (1984)
Jack Melvin MAGUIRE, Kathleen Ann Maguire, and American Ambulance, Inc., Appellants,
v.
STATE of Florida, Appellee.
Nos. 83-563, 83-565 and 83-566.
District Court of Appeal of Florida, Second District.
June 29, 1984.
*439 H. Dohn Williams, Jr., of Varon, Bogenschutz, Williams & Gulkin, P.A., Hollywood, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendants appeal their convictions on multiple counts of larceny, theft and common law cheat. All of the alleged offenses involved a contract for ambulance service between Collier County and American Ambulance, Inc. The defendants in these consolidated appeals are American Ambulance, Inc., Jack Maguire (owner and chief officer of American Ambulance, Inc.), and Kathleen Ann Maguire (bookkeeper of American Ambulance, Inc.). The state charged that over a period from 1976 to 1980, the defendants wrongfully obtained money from Collier County by submitting false monthly financial statements to the county on the basis of which the county made subsidy payments to American Ambulance, Inc. The defendants were variously convicted on twelve counts of grand theft, seven counts of larceny by fraud, and three counts of common law cheat. They have presented nine issues for our consideration, one of which we find to have merit. We agree that the seven charges of larceny are barred by the time limitations set forth in section 775.15, Florida Statutes (1983).
Section 775.15(2)(b) applies to the larceny charges and requires that prosecution be commenced within three years after the offense is committed. The charging document shows on its face that the larceny charges in this case were not filed against these defendants until after the expiration of three years from the dates alleged in the various larceny counts. Therefore, the state must rely on subsection (3) of section 775.15, which provides as follows:
(3) If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
(a) Any offense a material element of which is either fraud or a breach of fiduciary obligation, within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this provision extend the period of limitation otherwise applicable by more than three years.
The defendants vigorously argue that Collier County officials knew, long before the year preceding the date the charges were brought, that the defendants were engaging in the activities which the state later claimed to constitute larceny. But it is not the defendants' burden to establish that the state could not rely on the three-year extension set forth in 775.15(3)(a); rather, the burden is on the state to establish the date of the discovery of the offense by the aggrieved party, in this case Collier County. In its brief, the state advises us that the question of who was the aggrieved party, or when with specificity that party knew, never was resolved or even addressed to the trial court. We take *440 that to be an admission by the state that it failed to establish the crucial date required for the extended limitations period of section 775.15(3)(a). When the issue is raised, the burden is on the state to establish that an offense is not barred by the statute of limitations. Sturdivan v. State, 419 So.2d 300 (Fla. 1982); State v. King, 282 So.2d 162 (Fla. 1973).
The state argues that the defendants did not raise the statute of limitations issue at the trial level or, if they did, they waived it later. We find no merit in that argument. A criminal defendant need not raise the bar of the statute of limitations and his failure to do so does not preclude appellate consideration of the issue. Mead v. State, 101 So.2d 373 (Fla. 1958). The defendants in this case filed motions to dismiss based on the statute of limitations, and prevailed as to several counts in the charging documents. Later they entered into a stipulation with the state in which they agreed "to waive any and all defects in the indictments in the above-styled cases." We decline to interpret that waiver as a waiver of the statute of limitations issue.
We conclude that counts 2 through 5 and 18 through 20 in Case No. 81-499 are barred by the statute of limitations and reverse as to those counts. We affirm as to all other parts.
REVERSED IN PART AND AFFIRMED IN PART.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.