466 So.2d 273 (1985)
Joseph Scott BRADFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2182.
District Court of Appeal of Florida, Second District.
February 13, 1985.
Rehearing Denied March 13, 1985.
*274 PER CURIAM.
This appeal is from the summary denial of a motion seeking postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised three points in the motion. The second and third points have no merit. However, the allegation in point I, that trial counsel was ineffective for failing to file a timely motion for discharge pursuant to the speedy trial rule, if true, might entitle appellant to relief. The supporting facts in appellant's motion allege that he was arrested on May 4, 1982, that the 180 day speedy trial period expired on October 31, 1982, and that no continuances had been charged on the record.
The trial court did not conduct an evidentiary hearing or attach portions of the record which refute the speedy trial allegation. Although the court did attach an order which showed that speedy trial was tolled on November 5, 1982, this order was entered subsequent to the alleged expiration of the 180 day speedy trial period.
Accordingly, we reverse in part the denial of appellant's motion. On remand, the court may either again summarily deny the motion as to the allegation specified and attach to its order those portions of the record which conclusively show appellant is not entitled to relief or hold an evidentiary hearing and then rule on the ground alleged in point I of the motion. See Fla.R. Crim.P. 3.850; see also Allen v. State, 427 So.2d 280 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). Should appellant be dissatisfied with the new ruling, he must file a new appeal.
RYDER, C.J., and GRIMES and LEHAN, JJ., concur.