RYDER, Chief Judge.
Jimmie Williams appeals the trial court’s summary denial of his motion for post-conviction relief. Appellant has raised nine grounds as the basis for his motion. We find all but three to be without merit.
Appellant presents numerous failings of counsel to support his claim of ineffective assistance of counsel. Although most are frivolous, those allegations that counsel failed to assert appellant’s speedy trial right, failed to attack a defective indictment, and allowed appellant to be sentenced in violation of the plea agreement, if true, might constitute a substantial omission by defense counsel. Bradfield v. State, 466 So.2d 273 (Fla. 2d DCA 1985). Cf. Ginwright v. State, 466 So.2d 409 (Fla. 2d DCA 1985); Davidson v. State, 468 So.2d 263 (Fla. 2d DCA 1985). Further, appellant’s allegations that he was sentenced in violation of the plea agreement and that he was illegally sentenced for robbery and grand larceny in addition to first degree murder, if true, would entitle him to relief. State v. Bruns, 429 So.2d 307, 310 (Fla.1983); Bartley v. State, 462 So.2d 885 (Fla. 2d DCA 1985); Enmund v. State, 459 So.2d 1160, 1161 (Fla. 2d DCA 1984).
Accordingly, we reverse the trial court’s denial of appellant’s motion on these three grounds and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion and attach to its orders those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the allegations. Fla.R.Crim.P. 3.850.
Affirmed in part; reversed and remanded in part.
LEHAN and FRANK, JJ., concur.