HALL, Judge.
Hill Andrew Williams appeals the summary denial of his motion for postconviction relief. Appellant raised several points in the motion; only two may have merit.
Appellant alleges that his trial counsel was ineffective for failing to file a timely motion for discharge pursuant to the speedy trial rule. The supporting facts in appellant’s motion allege that he was arrested on January 19, 1982, was continuously available for trial, had not occasioned any delay in the trial, and was not brought to trial until March 7, 1983. This allegation, if true, might entitle appellant to relief. See Bradfield v. State, 466 So.2d 273 (Fla. 2d DCA 1985).
Appellant further alleges that he provided to his trial counsel the names of potential witnesses who would have provided testimony essential to his defense of alibi and that counsel was ineffective because he failed to contact and interview those witnesses. If true, this allegation might also entitle appellant to relief. See Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983).
The trial court did not conduct an eviden-tiary hearing or attach portions of the record which refute either of the above allegations.
Accordingly, we reverse in part the denial of appellant’s motion. On remand, the court may either again summarily deny the motion as to the allegations specified above and attach to its order those portions of the record which conclusively show appellant is not entitled to relief or hold an evidentiary hearing and then rule on the grounds. In the event the trial court again denies the motion, appellant must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with directions.
SCHEB, A.C.J., and SCHOONOVER, J., concur.