538 So.2d 148 (1989)
Jerry SHERLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-413.
District Court of Appeal of Florida, Fifth District.
February 16, 1989.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Sherley appeals from the trial court's order denying his motion to dismiss the state's information charging him with aggravated battery. He claims that the three year statute of limitations under section 775.15(2)(b), Florida Statutes (1987) had expired prior to the state's commencement of prosecution. We agree and reverse.
On August 31, 1979, Sherley shot Priscilla Shepherd in the stomach with a .22 caliber pistol after she interfered in a fight between Sherley and his wife. On October 17, 1979, the state filed an information and the trial court issued a capias for his arrest. On December 20, 1979, the sheriff's department attempted to serve the capias upon Sherley at his Florida residence, but *149 was unable to do so. The officers' remarks on the attempted service indicate Sherley had moved without leaving a forwarding address. This was the only attempt at service of the capias.
In 1987, Sherley was stopped for driving without a license in Illinois. The aggravated battery charge was discovered and Sherley was extradited to Florida. After the trial court's denial of his motion to dismiss, he pled nolo contendere to the charge, expressly reserving his right to appeal the denial of his motion. The trial court accepted his plea and placed Sherley on probation.
Section 775.15(2)(b) provides that prosecution for the second degree felony of aggravated battery must be commenced within three years after it was committed. Subsections (5) and (6) discuss when a prosecution is commenced and when the statute of limitations is tolled. They state:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. If, however, an indictment or information has been filed within the time period prescribed in this section and the indictment or information is dismissed or set aside because of a defect in its content or its form after the time period has elapsed, the time for commencing prosecution shall be extended three months from the time the indictment or information is dismissed or set aside.
(6) The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
§ 775.15(5) and (6), Fla. Stat. (1987).
In State v. Fields, 505 So.2d 1336 (Fla. 1987), the Florida Supreme Court construed the word "executed" in subsection 5 to mean "service upon the defendant." See also, Gunn v. State, 519 So.2d 1128 (Fla. 5th DCA 1988). Thus, in the instant case, the state did not commence prosecution in 1979 because the information was never "executed," i.e., served on Sherley.
Nor do the exculpatory provisions of subsection (5) provide relief to the state because there was no evidence adduced at trial that a diligent attempt was made to serve Sherley or ascertain his whereabouts. The single attempt of service at his residence did not constitute a diligent search and therefore did not give rise to a reasonable delay. Cf. Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988) (prosecution for escape commenced more than three years after it was committed, was barred by statute of limitations, absent evidence to explain state's four-year delay in executing capias or evidence that it had made a diligent search to locate defendant).
Furthermore, the tolling period of section 775.15(6), caused by Sherley's absence from the state, was insufficient to make his prosecution timely. Subsection (6) only extends the three year limitations period under section 775.13(2)(b) up to a three year maximum for a total of six years. The record establishes that Sherley was apprehended (and presumably served with the capias) eight years after commission of the felony. Therefore, we conclude that the trial court erred in not granting Sherley's motion to dismiss because the capias was served after the statute of limitations had run.
The order denying the motion to dismiss is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.