# STATE OF FLORIDA v TRABER

Case No. 80-81-CFA

Seventh Judicial Circuit, Flagler County

October 13, 1989

## APPEARANCES OF COUNSEL

**Wayne Henderson,** Assistant State Attorney, for plaintiff.

**Paul Dubbeld,** for defendant.

## OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER came on for consideration upon Defendant's Motion To Dismiss, and the Court, having reviewed the pleadings, heard arguments of counsel, and being otherwise duly informed about the premises, hereby FINDS AS FOLLOWS:

On May 19, 1980, the Defendant, George S. Traber, allegedly failed to appear at his trial for Grand Theft in Case No. 79-81-CFA. Upon

the Defendant's alleged failure to appear on that date, this Court immediately issued a capias for his arrest. The Defendant remained at large until he was arrested on the capias on June 7, 1981. Thereafter, on October 8, 1981, the State Attorney filed an information charging Defendant with Failure To Appear, in violation of F.S. 843.15(2). Defendant was arraigned on this charge and entered a written not guilty plea on November 2, 1981, and an Order setting pre-trial and trial dates was signed November 5, 1981. The Defendant was to have stood trial December 14, 1981 on the Grand Theft and Failure To Appear charges; however, on December 13, 1981, the night before trial, Defendant reportedly escaped from the Flagler County Jail and was not apprehended again until June of 1989.

The trial on Defendant's Failure To Appear charge was re-scheduled for September 20, 1989 before this Court. On the morning of the trial, after jury selection and opening statements, Defendant filed a Motion To Dismiss and offered several cases in support of the motion. Defendant's motion raised the issue of the statute of limitations pursuant to F.S. 775.15 and relied on *Maguire v State,* 453 So.2d 438 (Fla. 2d DCA 1984) in asserting that the burden was on the State to establish that its prosecution for the offense was not barred by the statute of limitations. In *Maguire* larceny charges were barred by the statute of limitations where the State failed to establish the date of discovery of the offenses required for an extended limitations period of three years. In the case at hand Defendant allegedly failed to appear at trial on May 19, 1980 in Case No. 79-81-CFA and was so charged in Case No. 80-81-CFA, with trial being set for December 14, 1981. This time period is well within the three year statute of limitations for third degree felonies. Thus, the State does not have the burden to go forward even if *Maguire* were to be applied here.

Along with his motion, Defendant offered several other cases, those being: *Sherley v State,* 538 So.2d 148 (Fla. 5th DCA 1989); *State v Fields,* 502 So.2d 5 (Fla. 4th DCA 1986); *Gunn v State,* 519 So.2d 1128 (Fla. 5th DCA 1988); *Fleming v State,* 524 So.2d 1146 (Fla. 1st DCA 1988); and *Colvin v State,* 541 So.2d 724 (Fla. 2d DCA 1989).

In *Sherley v State,* the Fifth District Court of Appeal ruled that the three year statute of limitations under F.S. 775.15(2)(b) had expired prior to the State's commencement of prosecution. Subsections (5) and (6) of this statute discuss when a prosecution is commenced and when the statute of limitations is tolled. The Court held that "the tolling period of section 775.15(6), caused by Sherley's absence from the state, was insufficient to make his prosecution timely. Subsection (6) only extends the three year limitations period under section 775.13(2)(b)

[sic] up to a three year maximum for a total of six years. The record establishes that Sherley was apprehended (and presumably served with the capias) eight years after commission of the felony. Therefore, we conclude that the trial court erred in not granting Sherley's motion to dismiss because the capias was served after the statute of limitations had run." Like *Sherley,* none of the other cases cited involve execution which tolls the statute of limitations.

In the instant case, unlike in *Sherley* and the other cases, the record is clear that there was an execution of process against the Defendant because he evidently was brought before this Court, arraigned, pre-tried, and even almost tried. The execution of all the important documents involved permits a tolling of the running of any statute of limitations. (See attached documents)

Therefore, in view of these above findings, it is hereby

ORDERED AND ADJUDGED:

That the Defendant's Motion to Dismiss is denied.

DONE AND ORDERED in Chambers at Bunnell, Flagler County, Florida, this 13th day of October, 1989.