PER CURIAM.
David Constantine appeals the summary denial of his motion for postconviction relief. We affirm the order of the circuit court with regard to all but one of the issues presented in the motion. We reverse and remand for further proceedings limited to that one issue.
Constantine was convicted of numerous sex offenses involving the same minor victim. Several of the offenses were alleged to have occurred in 1981, during a period of time in which Constantine resided in the victim’s home. A second incident allegedly occurred during a visit in 1985. Among the charges stemming from the 1981 episodes were two counts of lewd assault, a second degree felony. § 800.04, Fla.Stat. (1981).
Ordinarily, the statute of limitations for second degree felonies is three years from the date of the offense. § 775.15(2)(b), Fla. Stat. (1989). Constantine was not charged until 1986, or nearly five years after the incidents giving rise to the two lewd assault charges. Even so, defense counsel failed to seek dismissal of the charges. Constantine contends this omission constitutes ineffective assistance of counsel. See, e.g., People v. Grogan, 197 Ill.App.3d 18, 143 Ill.Dec. 730, 554 N.E.2d 665 (1990).[1]
The state, in its response to Constantine’s motion, offered two alternative bases for denying relief. First, the state cited section 775.15(7), Florida Statutes (1989), applicable to sex offenses wherein the victims are under the age of sixteen. This 1985 enactment[2] provides that the limitations period does not begin to run *322 until the victim reaches sixteen, or reports the offense to a law enforcement agency, whichever occurs earlier. In the present case the first report was made in 1985, at which time the victim was approximately thirteen years of age. However, subsection (7) specifically exempts “an offense the prosecution of which would have been barred by subsection (2) on or before December 31, 1984.” Constantine’s 1981 misconduct is therefore not affected by the statute. See Scharfschwerdt v. Kanarek, 553 So.2d 218 (Fla. 4th DCA 1989).
Alternatively, the state claimed that the statute of limitations was tolled by virtue of the fact Constantine moved to California in October, 1984. His “continuous absence from the state” could have extended the limitations period up to an additional three years. § 775.15(6), Fla.Stat. (1989). However, Constantine, in a “traverse” to the state’s response, contended that he had only “visited” California. The record on appeal does not confirm or deny the state’s claim.
We note that Constantine is presently serving, in addition to the penalty for lewd assault, six concurrent life sentences for sexual battery. § 794.011(2), Fla.Stat. (1981). Even if he should ultimately prove correct on the statute of limitations question, it may be of little practical benefit to him given our rejection of his remaining issues. Perhaps recognizing this, he has attempted to argue that the inclusion of the arguably invalid lewd assault charges somehow prejudiced the jury with respect to the more serious charges. His argument is not persuasive. At best, Constantine would be entitled to have the judgments and sentences for lewd assault vacated.
Affirmed in part, reversed in part, and remanded with instructions.
DANAHY, A.C.J., and LEHAN and FRANK, JJ., concur.

. Our research reveals no Florida cases directly on point. However, we believe analogy is appropriate to the alleged failure of counsel to recognize and avail himself of a speedy trial defense, which we have held may constitute ineffective assistance. See, e.g., King v. State, 485 So.2d 877 (Fla. 2d DCA 1986); Bradfield v. State, 466 So.2d 273 (Fla. 2d DCA 1985).

. Ch. 84-550, § 1, Laws of Fla.