# GREEN v STATE OF FLORIDA

## Case No 90-53-AP (Lower Court Case Nos. 87-2757-MM, et al.)

Fourth Judicial Circuit, Duval County

April 4, 1991

### APPEARANCES OF COUNSEL

**James T. Miller, Esquire,** for appellant.

**E. Murray Moore, Esquire,** for appellee.

Before DOROTHY H. PATE, Circuit Judge.

### OPINION OF THE COURT

Motions to Dismiss were filed pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure, in 52 cases charging Appellant with

obtaining property for a worthless check. The basis of the motions was that the capias in each case was not served on Appellant within two years of the date of alleged offenses. At a hearing, the motions were submitted without argument. Upon denial of the motion, Appellant entered a plea of nolo contendere reserving her right to appeal.

All cases involve first degree misdemeanors. Section 775.15(2)(c), Florida Statutes, provides that a prosecution for such crimes must commence within two years of the alleged offense. The warrants in these cases were all served more than two years after the date of alleged offenses. The Florida Supreme Court in *State v Fields,* 505 So.2d 1336 (Fla. 1987), has held that execution of the warrant means actual service. In 11 of the cases (88-42690-MM, 88-42691-MM, 88-42692-MM, 88-43886-MM, 89-18390-MM, 89-18391-MM, 89-18392-MM, 89-18393-MM, 89-18394-MM, 89-18395-MM, and 89-18396-MM), the informations were filed between August 16, 1988, and March 21, 1989, and warrants executed July 2, 1990. In the other 41 cases, informations were filed more than two years before execution of the warrants.

In these cases, the trial court was given no opportunity to determine if the warrants were executed without unreasonable delay, if the State had conducted a diligent search or if Appellant's change of address in February, 1990, was relevant to delay in service of warrants.

The motions filed were not sworn to by the Appellant but no objection was made by the Appellee. Neither the transcript nor the Order reflects that this was the basis for the denial of the motions by the Court. In these cases, the facts support that Appellee waived its objection that the motions did not comply with the Rule.

Although authority is cited that a Statute of Limitations issue may be raised for the first time on appeal, this would not be without restriction. *Maguire v State,* 453 So.2d 438 (Fla. 2d DCA 1984) recognized that an appellate court is not precluded from considering a Statute of Limitation question even if the defendant fails to raise the issue. In cases such as these in which the difference between the dates of the alleged offenses and execution of warrants exceed two years, the issue should normally be raised in a timely fashion at the trial level.

The Appellee submits that because the Appellant moved from one address to another in February, 1990, the Statute of Limitations should not be applicable. This may be a factor to consider in determining whether there was unreasonable delay in execution of the warrants or if Appellant's place of abode or work were reasonably ascertainable but without proof is not dispositive of the issue.

18

This Court is concerned that neither counsel for Appellant nor Appellee presented the issue raised by the Motion to Dismiss to the trial court. The trial court could have taken action if objection had been made to the legally insufficient motions to insure that both Appellant and Appellee had their day in Court without necessitating the costs and time of an appeal.

Appellant should be granted the opportunity to file any appropriate Motions to Dismiss and the Appellee to respond.

The Orders denying Appellant's Motions to Dismiss are RE-VERSED and this cause is remanded for further proceedings consistent with this Opinion.