## KYTE v STATE OF FLORIDA
## Case No. 91-44-AC-A (Lower Court Case No. 88-3364-MM)
Fifth Judicial Circuit, Marion County

August 16, 1991

### APPEARANCES OF COUNSEL

**Howard H. Babb, Jr.,** Public Defender, for appellant.

**Brad King,** State Attorney, for appellee.

Before McNEAL, BOOTH, SINGELTARY, JJ.

### OPINION OF THE COURT

McNEAL, R., Circuit Judge.

Dale T. Kyte, appeals the trial court order denying his motion to dismiss, contending that prosecution is barred because the state failed to arrest him within the statute of limitations. The state responds that the statute of limitations did not expire because authorities made a diligent search to locate Kyte and because Kyte did not have a

reasonably ascertainable place of abode or work. We find that the state's attempt to locate Kyte was not diligent and remand the case for further proceedings to determine whether Kyte had a reasonably ascertainable place of abode or work within the state of Florida.

Appellant issued a worthless check on January 16, 1988 and furnished the victim with a home address and place of employment. When the check was returned for insufficient funds, the victim requested prosecution. Before filing charges, the state attempted to notify Kyte by certified mail. When the notice was returned undelivered, the state charged Kyte with obtaining property by means of a worthless check and forwarded a warrant to the Marion County Sheriff's Office for service.

The sheriff's office tried to serve the warrant three times. First, they sent Kyte a letter notifying him of the warrant. The post office returned the letter with a notation that Kyte moved without leaving a forwarding address. Next, a deputy sheriff checked Kyte's former residence and confirmed that Kyte moved with no forwarding address. Finally, the deputy checked Kyte's former job and learned that Kyte quit his job, leaving no forwarding address with his employer. The state discontinued efforts to serve the warrant. Kyte was arrested October 30, 1990.

After his arrest, Kyte moved to dismiss the charge. In the motion, Kyte alleged that the statute of limitations expired because the state failed to arrest him within a reasonable time. Kyte cited § 775.15(5), Fla. Stat. (1987), which requires the court to consider whether the state made a diligent search in determining whether the warrant was executed without unreasonable delay. The state presented testimony from a sheriff's office employee on their attempts to arrest Kyte and argued that these efforts were a diligent search. The defense argued that Kyte lived continuously in Marion County and that the state knew where Kyte was, but the defense did not offer evidence to support their argument. Neither attorney referred to § 775.15(6), Fla. Stat. (1987), which tolls the statute of limitations under some circumstances. The court denied the motion to dismiss without explanation and Kyte entered a nolo contendere plea, reserving the right to appeal.

The state must prove that prosecution was commenced before the statute of limitations expired. *State v King,* 282 So.2d 162 (1973). Prosecution is commenced when the warrant is served on the defendant. *State v Fields,* 505 So.2d 1336 (Fla. 1987). The statute of limitations is extended if the warrant was issued before the statute of limitations expired and was executed without unreasonable delay. § 775.15(5), Fla. Stat.

The state may justify delay by showing that authorities made a diligent search to locate Kyte. Diligent search is not defined in § 775.15(5), Fla. Stat. or in criminal case law. Appellate courts have not stated a general rule for evaluating the state's efforts to locate a defendant. In the few criminal cases on this issue, appellate courts determined that the state failed to give a reasonable explanation for the delay or that the state's efforts to locate the defendant fell short of a diligent search. *See State v Fields* (no reasonable explanation for not arresting defendant where officers knew his location), *Walker v State,* 543 So.2d 353 (Fla. 5th DCA 1989) (no reasonable explanation for making no effort to locate defendant for ten years after attempting to serve the capias at defendant's home and attempting to locate defendant in the phone book and city directory), *Colvin v State,* 541 So.2d 724 (Fla. 2d DCA 1989) (there was not a diligent search where defendant was on Salvation Army probation and a state's witness knew his location, but was not asked), *Sherley v State,* 538 So.2d 148 (Fla. 5th DCA 1989) (a single attempt to serve defendant at his residence is not a diligent search). Because the state's attempt to arrest Kyte is different from these situations, we turn to civil cases for guidance.

Civil cases apply a common sense approach in evaluating whether a search was diligent. The test is "whether the complainant reasonably employed knowledge at his command" in making the search. *McDaniel v McElvy,* 91 Fla. 770, 108 So. 820, 831 (1926). If obvious sources of information are not utilized, there is not a diligent search. *See, e.g. Wiggam v Bamford,* 562 So.2d 389 (Fla. 4th DCA 1990) (attempting service at defendant's address, checking the telephone directory, calling directory assistance, checking with the Post Office, and hiring an investigative agency are not a diligent search because no one asked defendant's attorney for the information), *Knabb v Morris,* 492 So.2d 839 (Fla. 5th DCA 1986) (investigating three addresses, the telephone directory, the postal service and several utility companies was not a diligent search because the accident report contained the names and addresses of other occupants of the car, obvious leads that were not utilized).

We adopt the same common sense approach in criminal cases for evaluating the issue of diligent search. We hold that the state must check obvious sources of information and follow-up any leads to establish a diligent search. Obvious sources of information include the telephone book, the city directory, driver's license records, vehicle license records, property tax records, voter's registration records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, and prison system. Other sources are relatives of the defendant and witnesses in the case.

The state did not investigate any of these sources, although many of them are listed on a Marion County Sheriff's Office form for documenting efforts to serve warrants. For this reason, the state did not make a diligent search to locate Kyte.

Even where there is not a diligent search, the state may show that the statute of limitations was tolled while the defendant had "no reasonably ascertainable place of abode or work within the state". § 775.15(6). This exception extends the statute of limitations up to 3 years. A defendant does not have a reasonably ascertainable place of abode or work within the state if obvious sources of information will not disclose the defendant's location. It is unreasonable to expect the state to locate a defendant among Marion County's 200,000 residents when the defendant is unknown to public agencies and when relatives and witnesses do not know the defendant's location. Although the state may establish this exception by proving a diligent search, they may also show that a diligent search would have been futile.

The trial court must consider both the question of diligent search and whether the defendant had a reasonably ascertainable place of abode. *Cf. Walker v State and Sherley v State* where the district court of appeals discussed these issues separately. The court and the state raised both issues at the hearing on Kyte's motion, but it is unclear whether the court applied the provisions of § 775.15(6).

The state arrested Kyte 287 days after the statute of limitations expired. To prevail under § 775.15(6) the state must prove that Kyte did not have a reasonably ascertainable place of abode or work within the state for at least 287 days after the warrant was issued. On remand the trial court shall conduct another hearing on this issue. If the trial court determines that defendant had a reasonably ascertainable place of abode or work within the state, or that the statute of limitations is tolled for less than 287 days, the trial court shall set aside defendant's plea and dismiss the charge. The case is REMANDED for further proceedings. BOOTH, J. and SINGELTARY, G., concur.