606 So.2d 473 (1992)
STATE of Florida, Appellant,
v.
Burt PICKLESIMER, Appellee.
No. 91-1977.
District Court of Appeal of Florida, Fourth District.
October 16, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
COBB, W.H., Associate Judge.
Pursuant to the appellee's motion for rehearing, we rescind our opinion issued in this cause under date of July 24, 1992, and substitute therefor the following opinion:
The state appeals the dismissal of this case for failure to serve an arrest warrant within the statute of limitations period. We reverse.
On January 21, 1982, the state filed an information charging twenty defendants with crimes arising from a scheme to import marijuana into the United States through Palm Beach, Florida. The appellee, Burt Picklesimer, was charged with racketeering, trafficking in marijuana, conspiracy to traffic in marijuana, and possession of marijuana. The court issued an arrest warrant for Picklesimer on January *474 25, 1982. The evidence indicates that by that time, Picklesimer had fled to Jamaica. It was not until March 22, 1991 that the warrant was served when Picklesimer was arrested after entering the United States at Miami International Airport.
Picklesimer filed a motion to dismiss, alleging that the state failed to serve the arrest warrant within the statute of limitations period. The state argued that, pursuant to Florida Statutes, the trial court was required to determine whether the state was diligent in its efforts to serve the arrest warrant. The applicable 1981[1] statute of limitations provides:
775.15 Time limitations. 
(2) Except as otherwise provided in this section, prosecution for other offenses are subject to the following periods of limitation:
(a) A prosecution for a felony of the first degree must be commenced within 4 years after it is committed.
* * * * * *
(4) An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct of the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. If, however, an indictment or information has been filed within the time period prescribed in this section and the indictment or information is dismissed or set aside because of a defect in its content or form after the time period has elapsed, the period for commencing prosecution shall be extended 3 months from the time the indictment or information is dismissed or set aside.
(6) The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
The trial court granted Picklesimer's motion to dismiss, finding that as a matter of law the limitation period for service of process could not extend past seven years. Said the court:
The State argues that the language in the above cited subsections referring to "diligent search" and/or "Defendant's continuous absence from the state" tolls the statute; and therefore, service on the Defendant in March, 1991 was effective and the Defendant's Motion should be denied. This reasoning completely ignores the plain language in subsection (6), wherein it states:
"... but in no case shall this provision extend the period of limitation otherwise applicable by more than three years."
The statute of limitations for a first degree felony is four years which under the above-quoted language can be extended an additional three, for a total of seven years. The State argues that applying the language in subsection (6) is mixing apples and oranges in concluding that seven years is the maximum allowable limitation under the statute. Based upon a careful reading of Sherley v. State, 538 So.2d 148 (Fla. 5th DCA 1989), Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989) and Constantine v. State, 566 So.2d 321 (Fla. 2nd DCA 1990), the Court disagrees.
The state appealed to the Fourth DCA and the Florida Supreme Court has assigned a panel of judges from the Fifth DCA to hear the case.
*475 We agree with the state. In applying the three-year extension period referred to in subsection (6) of the Statutes to the provisions relating to execution of process in subsection (5), the trial court was mixing apples and oranges. Although both sections 775.15(5) and 775.15(6) provide similar justifications for the state's failure to serve the defendant, the two sections nonetheless are independent.
Section 775.15(5) allows the state to "relate back" the date of service to the date the information was filed. Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990) ("An eighteen-month delay without explanation is unreasonable and will not justify relating the `commencement' of the prosecution back to the filing of the information."); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989) ("Although the state filed an information against the defendant within three-year limitation period, the state failed to execute the capias until more than ten years after the offense was committed. Since this capias was executed after the three-year limitation period had expired, the state has the burden of proving that it had been diligent in its efforts to execute the capias in order to establish that the prosecution was timely.") See also, Bragenzer v. State, 582 So.2d 142 (Fla. 5th DCA 1991) (Peterson, J., concurring) ("In light of ... Walker and Wells, we conclude that the state's single attempt to serve defendant in 1984 does not constitute a diligent search, and therefore the six-year delay in the execution of the capias is unreasonable.").
Section 775.15(6), on the other hand, is a provision which allows the statute of limitations for commencing prosecution (i.e., filing an information or an indictment) to be tolled for the period when the "defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." Subsection (6) is not an absolute limitation upon prosecution after a specified time period. It merely allows for a delay of commencement of that prosecution for specified reasons.
The three cases relied upon by the trial court simply do not support its conclusion. In Walker and in Sherley there was a factual determination that there was not a diligent effort to effectuate service of process. Constantine dealt with a factual dispute as to the defendant's whereabouts during the limitation period and is irrelevant to the legal issue posed by the instant appeal. None of these three cases held that the section 5 diligent search provision was limited to three years beyond the statute of limitations irrespective of the diligence of attempted service, as was found by the trial court in this case.
The appellee relies heavily upon language in Sherley to the effect that "the trial court erred in not granting Sherley's motion to dismiss because the capias was served after the statute of limitations had run." This holding, however, was preceded by, and predicated upon, a finding that the state had adduced no evidence at trial that a diligent attempt was made to serve Sherley or to ascertain his whereabouts.
The Walker opinion clearly points out that, given the execution of the capias after expiration of the limitation period, "the state had the burden of proving that it had been diligent in its efforts to execute the capias in order to establish that the prosecution was timely." Walker, at 355. This language directly contravenes the trial court holding in the instant case that expiration of the limitation period prior to service of process ipso facto bars further prosecution.
In the instant case it is undisputed that the information was filed within the applicable four-year limitation period. Once that filing occurred, the statute of limitations could not afford Picklesimer a defense  provided that service of process upon him was "executed without reasonable delay." The record before us reveals that the state presented evidence to show that the delay in executing the process was reasonable. The state's presentation of evidence included the statements of FDLE Agent Kelly, who located Picklesimer in Jamaica through a confidential informant and maintained his relationship with that *476 confidential informant for seven years. Kelly or other FDLE agents patrolled Picklesimer's family residences when they believed Picklesimer would be in the United States. Unlike the cases of Bragenzer, Walker and Sherley, this is not a situation where the state could show only a single attempt at service.
Accordingly, we reverse and remand to the trial court for a ruling as to whether the evidence heretofore presented by the state established that the delay in execution upon Picklesimer was reasonable pursuant to the provisions of section 775.15(5), Florida Statutes (1981).
REVERSED and REMANDED for further proceedings consistent with this opinion.
COWART, J.A., and GRIFFIN, J.R., Associate Judges, concur.
NOTES
[1] The statute of limitations in effect at the time of the incident giving rise to the criminal charges is applied in determining the timeliness of the prosecution. Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA), rev. denied, 389 So.2d 1108 (Fla. 1980).