**STATE of Maine**

v.

**Edward P. GAMMON, Jr.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1986.
Decided Jan. 6, 1987.

James E. Tierney, Atty. Gen., Charles K. Leadbetter (orally), Asst. Atty. Gen., Augusta, for state.

John S. Jenness, Jr. (orally), South Paris, for defendant.

Before NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant, Edward P. Gammon, Jr., appeals from conviction of the crime of burglary (17–A M.R.S.A. § 401(2)(B) (1983)) entered in the Superior Court (Oxford County). He argues that the Superior Court erred in failing to find that the indictment was barred by the applicable statute of limitations, 17–A M.R.S.A. § 8 (1983). The issue on appeal is whether a criminal prosecution is commenced for purposes of the statute of limitations by the filing of a juvenile petition. We conclude that it is not and we vacate the judgment and remand for entry of an order dismissing the indictment.

I.

The facts of this case may be summarized as follows: On April 22, 1979, defendant unlawfully entered the home of another and removed several items of personal property. Defendant was 16 years old at the time of the incident. No prosecution of any kind was undertaken until April 19, 1985, three days short of 6 years, when a juvenile petition was filed with the juvenile court (So. Paris).[1] A bind-over hearing was held on June 11, 1985 and the juvenile court judge found probable cause to believe that

1. 17–A M.R.S.A. § 10–A(1) (1983) provides:
No criminal proceeding may be commenced against any person who had not attained his 18th birthday *at the time of the alleged crime,* except as the result of a finding of probable cause authorized by Title 15, section 3101,

subsection 4, or in regard to the offenses over which juvenile courts have no jurisdiction, as provided in Title 15, section 3101, subsection 2.
(emphasis added)

defendant had committed what would have been burglary had he been an adult. The juvenile court waived jurisdiction and certified the case for adult criminal proceedings before the grand jury. A criminal indictment was returned against defendant on June 19, 1985. Both the bind-over hearing and the return of the indictment took place more than 6 years after the commission of the crime.

Defendant, now 22 years old, moved to dismiss the indictment as time-barred. The Superior Court found that the timely filing of the juvenile petition tolled the statute of limitations under the Criminal Code and denied defendant's motion. Defendant entered a conditional guilty plea and now seeks review of the Superior Court's ruling.

## II.

The question before us is strictly one of statutory interpretation. The Legislature has provided that a prosecution for burglary must commence within 6 years after the crime is committed. 17–A M.R.S.A. § 8(2)(A). Every statute of limitations has the obvious potential to permit a guilty person to escape conviction. Such measures are justified, however, by the need to protect individuals from having to defend themselves against stale charges and by the need to provide an incentive for reasonably prompt investigation of criminal activity. Accordingly, courts have held that criminal limitations statutes are to be liberally interpreted in favor of repose. *See, e.g., Toussie v. United States*, 397 U.S. 112, 114–115, 90 S.Ct. 858, 859–860, 25 L.Ed.2d 156 (1970).

The present case turns upon the construction of two particular provisions contained in section 8. Subsection 6(B) provides that "[a] prosecution is commenced when a complaint is made or an indictment is returned, whichever first occurs." In addition, subsection 3(B) provides that the period of limitations shall not run "[d]uring any time when a prosecution against the accused for the same crime based on the

same conduct is pending in this state." The State argues, and the Superior Court ruled, that the filing of the juvenile petition commenced criminal prosecution pursuant to subsection 6(B), or in the alternative, that the pendency of the juvenile proceedings tolled the running of the statute pursuant to subsection 3(B). We are unable to accept such a construction of the statute.

The State acknowledges that the plain language of the statute does not expressly declare that a juvenile petition will serve to commence a criminal prosecution nor does it expressly provide that the existence of a juvenile prosecution will serve to toll the statute. The State argues, however, that an ambiguity becomes apparent when the provisions of section 8 are considered in relation to the provisions of the Maine Juvenile Code.

Pursuant to P.L. 1977, ch. 664 § 12, the Legislature in 1977 enacted the following statute of limitations for juvenile offenses:

1. *Limitations.* Limitations upon the commencement of prosecution against a juvenile shall be the same as those provided for adults by Title 17–A, section 8.

A. A prosecution for an alleged juvenile crime, as defined by section 3103, subsection 1, paragraphs B, C, D or E, shall be commenced within one year after it is committed.

B. A prosecution is commenced when a petition is filed.

15 M.R.S.A. § 3105 (1980). The State draws our attention to the similarity between section 3105 and section 8 of the Criminal Code. Both statutes apply the same periods of limitations and mark the commencement of prosecution by the filing of the charging instrument. The State argues that the juvenile petition, which is required to conform to the form and content of a criminal complaint (15 M.R.S.A. § 3302 (1980)), is the functional equivalent of a criminal complaint as that term is used in 17–A M.R.S.A. § 8(6)(B). The State accurately observes that when, as in the present case, a juvenile is bound over pursuant to 15 M.R.S.A. § 3101(4)(F) (1980), to

await presentation to a grand jury, the juvenile petition functions as the criminal complaint. Because of the interrelationship between 15 M.R.S.A. § 3105 and section 8 of the Criminal Code, it is argued that section 8 implicitly provides for the commencement of a criminal proceeding by filing a juvenile petition. It is suggested that a contrary result would constitute an absurdity beyond the permissible scope of legislative contemplation.

We decline to accept the State's construction. Our goal is not to determine what the Legislature should have done or even what it would have done had the problem been called to its attention. Rather, we are required to determine what the Legislature actually accomplished by the enactment of the plain and unambiguous language contained in section 8. Even if confronted with contextual ambiguity, we are required to construe liberally in favor of repose.

The entry is:

Judgment vacated.

Remanded with instructions to dismiss the indictment.

All concurring.