PER CURIAM.
Brown appeals the judgments of guilt entered against him for second-degree burglary and criminal mischief. Finding that the statute of limitations had expired prior to the time the state commenced the prosecution of these two offenses, we reverse these judgments.[1]
Brown allegedly committed several offenses on May 24, 1982, including second-degree burglary, § 810.02(3), Fla.Stat. (1985), and criminal mischief, § 806.-13(l)(b)l, Fla.Stat. (1985). A juvenile “pickup” order to take Brown into custody, which is similar to a warrant in a criminal case, was issued on June 4, 1982. On May 23, 1985, the state filed a delinquency petition and a motion to waive juvenile jurisdiction. The state then filed an information on July 12, 1985. Brown moved to dismiss all charges, contending that the statute of limitations on all of the crimes had expired. The trial court held that the filing of the delinquency petition had tolled the running of the appropriate statutes and that the information was timely filed, and denied Brown’s motion. Brown entered pleas of no contest to all charges but reserved the right to appeal this issue.
Second-degree burglary, a violation of section 810.02(3), Florida Statutes (1985), is subject to a three year statute of limitations pursuant to section 775.15(2)(b), Florida Statutes (1985). Criminal mischief, a violation of section 806.13, Florida Statutes (1985), is subject to a one year statute of limitations pursuant to section 775.15(2)(d), Florida Statutes (1985). The statutes begin to run on the day after the offenses are committed, § 775.15(4), Fla.Stat. (1985), and are tolled when prosecution is commenced.
The state contends that prosecution was commenced in this case once the “pickup” order was issued. In the alternative the state contends that prosecution was commenced when the delinquency petition was filed. The trial court based its decision on the latter. We disagree with both contentions and reverse.
Section 932.465(2), Fla.Stat. (1973), the forerunner to section 775.15, the statute of limitations applicable in this case, did *363 not provide a definition for “commencement of prosecution.” Under section 932.-465(2), prosecution commenced once a warrant was issued or placed in the hands of the proper official for execution. Sturdi-van v. State, 419 So.2d 300 (Fla.1982); see generally State v. Fields, 505 So.2d 1336 (Fla.1987). In contrast, Section 775.15 specifically provides that “[a] prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay.” § 775.15(5), Fla. Stat. (1985). The filing of a warrant or “pickup order” does not constitute the commencement of prosecution under this statute. State v. Fields, 505 So.2d 1336 (Fla. 1987); State ex rel. Welch v. Circuit Court, 487 So.2d 65 (Fla. 1st DCA), review denied, 492 So.2d 1330 (Fla.1986).
As to the second issue, since a juvenile delinquency proceeding is not criminal in nature, see State v. Boatman, 329 So.2d 309 (Fla.1976); State v. C. C, 449 So.2d 280, 281 (Fla. 3d DCA 1983) (Schwartz, C.J., specially concurring) affd, 476 So.2d 1144 (Fla.1985), the filing of a delinquency petition is not the equivalent of the filing of an information or indictment, and therefore does not commence prosecution. Cf C.C., 449 So.2d at 281 (Schwartz, C.J., specially concurring) (non-final orders in juvenile proceedings are not appealable under Fla. R.App.P. 9.140(c) since juvenile proceedings are not “criminal” cases); State v. Gammon, 519 A.2d 721, 722-23 (Me.1987) (filing of delinquency petition did not commence prosecution under statute providing that prosecution is “commenced when a complaint is made or an indictment is returned”). Moreover, since a juvenile proceeding is not criminal in nature, even if the issuance of a warrant were sufficient to commence prosecution, a juvenile “pickup” order would not be sufficient.
Brown allegedly committed the offenses in question on May 24, 1982. The statutes of limitations began to run on May 25, 1982. The information which commenced the criminal prosecution was not filed until July 12, 1985, more than three years after the date of the offenses. By this time the statute of limitations for both criminal mischief, which is one year, and burglary, which is three years, had expired. Therefore, the trial court should have granted Brown’s motion to dismiss these two charges. Accordingly, the judgments against Brown for burglary and criminal mischief are
Reversed.

. Brown was also charged with grand theft, and the trial court entered a judgment of guilt as to that charge based upon his plea of no contest. Although Brown sought to have that charge dismissed as well as the others in his motion based upon the expiration of the statute of limitations, he does not appeal from the trial court’s denial of that motion. He expressly recognizes that a violation of section 812.014(2)(b), Florida Statutes (1985), is subject to a five year statute of limitations pursuant to section 812.035(10), Florida Statutes (1985), and that the limitations period under that statute had not expired by the time the state filed the information in this case. Therefore, we observe that the reversal of the judgments under review do not affect Brown's ⅞ conviction of grand theft.