IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## MARK MEDLEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cannon County**
**No. F03-71     Don R. Ash, Judge**

---

**No. M2005-00669-CCA-R3-CD - Filed January 10, 2006**

---

This is an appeal as of right from the denial of post-conviction relief. The Petitioner, Mark Medley, was convicted of one count of rape of a child pursuant to a guilty plea. He was sentenced as a Range I, standard offender to fifteen years imprisonment. The Petitioner now appeals denial of his petition for post-conviction relief raising the single issue of ineffective assistance of counsel. He argues that his trial counsel's failure to inform him that the charge to which he pled guilty may have been time-barred amounted to deficient representation which resulted in prejudice to him. We reverse the post-conviction court's conclusions of law regarding the statute of limitations applicable to this case and remand for further findings of fact pertaining to the claim of ineffective assistance of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Richard T. Roney, Murfreesboro, Tennessee, for the appellant, Mark Medley.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Bill Whitesell, District Attorney General; and David L. Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The factual circumstances surrounding the conviction at issue in this case are mostly unknown to this Court because the Petitioner has failed to include any stipulated facts or a transcript of the plea acceptance hearing in the record on appeal. From the limited record before us, it appears that the single offense of rape of a child, to which the Petitioner pled guilty, occurred when the

Petitioner was himself a minor. On May 14, 2002, proceedings were initiated against the Petitioner in juvenile court alleging the delinquent act of raping a child under age thirteen.[1] The Petitioner claims in his appellate brief that he was transferred from the juvenile court to criminal court in August of 2002, was indicted by a Cannon County grand jury on multiple counts of rape of a child in September of 2002, and pursuant to a plea agreement, pled guilty to one count of rape of a child in February of 2003.[2] According to the post-conviction court's order denying relief, the Petitioner was sentenced to fifteen years for the Cannon County conviction for rape of a child in March of 2003.[3]

The Petitioner timely filed a pro se petition for post-conviction relief in July of 2003, alleging ineffective assistance of counsel based on the ground that his trial counsel failed to challenge the charges against him as being barred by the statute of limitations. In August of 2003, the post-conviction court concluded that the Petitioner presented a colorable claim, appointed counsel, and scheduled an evidentiary hearing.

On October 1, 2004, the Petitioner received a post-conviction hearing, at which the Petitioner's trial counsel ("Counsel") was the only witness to present testimony. Counsel stated that he was retained by the Petitioner, had over fourteen years of experience, and met with the Petitioner several times pertaining to his case. Counsel stated that the first legal proceeding in the Petitioner's case was the May 14, 2002 appearance in juvenile court.

Counsel testified that he was aware there was a possible statute of limitations issue because he remembered thinking the State had waited until the "eleventh hour" to prosecute the Petitioner by initiating the juvenile court proceedings only a month and a day before the victim was to reach the age of majority. Counsel further stated that it was his "understanding of the statute [of limitations] as [he] read it that the prosecution had to commence by the minor's 18th birthday."[4] Counsel testified that he "would have to believe" that he did discuss the statute of limitation issue

[1]The record contains a copy of the petition and summons requiring the Petitioner to appear before the juvenile court on charges that he was a "delinquent." This juvenile court petition alleges that the Petitioner committed the offenses of rape of a child and aggravated sexual battery "on several occasions between 1990 and 1994," such offenses occurring when the Petitioner was a minor. At the time the Petitioner was summoned to the juvenile court he was over age eighteen.

[2]The Petitioner has failed to include in the record on appeal several pertinent documents, such as his juvenile court transfer order, indictment, and judgment of conviction.

[3]Testimony from the Petitioner's trial counsel at the post-conviction hearing reveals that the Petitioner was also facing charges for rape of a child in Rutherford County, and his plea in this case was part of a plea agreement in which he was to plead guilty to one count of rape of a child in both Cannon County and Rutherford County and receive two fifteen year sentences to be served concurrently.

[4]By the time of the post-conviction evidentiary hearing, all parties were in apparent agreement that the applicable statute of limitations for the conviction at issue mandated that prosecution commence "no later than the date the child [victim] attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later." Tenn. Code Ann. § 40-2-101(d).

with the Petitioner. When asked if he knew of any case which stated that prosecution commences, or the statute of limitation is tolled, upon the initiation of a juvenile proceeding, Counsel answered, "No." Counsel also stated that he did not remember researching this specific issue, but that it was his belief that a juvenile proceeding did toll the statute of limitations, and therefore he would have counseled the Petitioner that a statute of limitations claim was not a valid defense in his case.

On cross-examination, Counsel testified that his trial strategy changed when he learned that the Petitioner was facing additional charges of rape of a child in another county, and that the Petitioner was fully informed as to the number of years he could possibly receive if convicted in both counties and if the sentences were run consecutively. Counsel stated that the Defendant was fully apprised of his situation and entered his guilty plea knowingly and voluntarily.

At the conclusion of the post-conviction hearing, the Petitioner argued that a juvenile proceeding does not "commence" a prosecution for a criminal offense and, therefore, the statute of limitations expired on the offense for which he was ultimately convicted. Accordingly, he argued that his trial counsel was ineffective by failing to inform him of the possible statute of limitations defense. The State argued that a juvenile proceeding does commence prosecution and, therefore, the Petitioner was timely prosecuted for the offense of rape of a child. Thus, the State argued, the Petitioner's trial counsel provided sufficient representation. The post-conviction court ordered both parties to submit a legal brief on the statute of limitations issue.

In March of 2005, the post-conviction court entered an order denying the Petitioner post-conviction relief. In this order, the court made the following findings of fact and conclusions of law:

> In the current case, the [Petitioner] appeared in Juvenile Court in relation to these charges prior to the expiration of the statute of limitations. Because the initial appearance in court commenced prosecution, the fact that the indictment was returned after the applicable statute of limitations is not an issue. Since [the Petitioner's] claim had not expired, [Counsel] was not deficient in notifying him of the statute of limitations issue and thus could not have prejudiced the defense.

This appeal followed.

## ANALYSIS

The Petitioner claims the trial court erred in denying him post-conviction relief due to ineffective assistance of trial counsel. To support this claim, the Petitioner asserts two arguments: (1) his trial counsel was ineffective during the negotiation and entry of his guilty plea because Counsel "failed to inform [the Petitioner] that the statute of limitations on his case had run, or failed to realize the statute had run," and (2) Counsel "failed to demand that the indictment be amended."

-3-

**I. Standard of Review**

A. Post Conviction

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

B. Ineffective Assistance of Counsel

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936. However, because the record is incomplete, we are unable to address the Petitioner's claim of ineffective assistance of counsel.

C. Incomplete record

The petitioner's claim on appeal is essentially that the statute of limitations had run on the offense for which he was convicted and that his trial counsel was ineffective in failing to realize the statute had run and advise him accordingly. However, several crucial documents containing the facts necessary for this Court to review this claim are not contained in the record on appeal. The Petitioner has failed to provide the indictment, a transcript of the guilty plea hearings or statement of stipulated facts, and the judgment of conviction. The Petitioner claims the statute of limitations had run on the offense for which he was convicted, but has not provided this Court with the requisite information necessary to support his claim, such as the date of the offense for which he was convicted or the birth date of the victim.[5]

The party who seeks appellate review is charged with the "duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). While we address the legal questions concerning the interpretation of the applicable statutes of limitation below, because the Petitioner has failed to

---

[5]We note that post-conviction counsel suggested at the hearing that the victim's date of birth was June 15, 1984, but we find no proof of this fact in the record.

prepare a proper record we are unable to reach the ultimate issue presented on appeal. Accordingly, we remand the case to the post-conviction court with instructions to make appropriate findings of fact necessary to determine if the Petitioner received ineffective assistance of counsel.

## II. Commencement of Prosecution

In the Petitioner's first argument, he asserts that his counsel failed to realize that the statute of limitations for his crime had run, or failed to inform him of this fact. Either failure, the Petitioner argues, amounted to deficient representation and prejudice. To support this claim, the Petitioner argues that the applicable statute of limitations for the offense of rape of a child requires that prosecution commence "no later than the date the child [victim] attains the age of majority." Tenn. Code Ann. § 40-2-101(d). The Petitioner further argues that prosecution did not begin in his case until after the victim attained the age of majority because his transfer to criminal court and indictment occurred after the victim turned eighteen. Thus, the Petitioner argues, the statute of limitations had run. The State argues that prosecution commenced with the initial juvenile proceeding in May of 2002, before the victim attained the age of majority, and therefore was not barred by the statute of limitations.

The post-conviction court determined that commencement of prosecution for statute of limitation purposes should be defined to include "appearance in court, the issuing of a warrant as well as an indictment," citing to Tennessee Code Annotated section 40-2-104. The court further held that the Petitioner's appearance in juvenile court in connection with the rape of a child charges, which occurred prior to the victim attaining the age of majority, amounted to commencement of prosecution before the expiration of the applicable statute of limitation. We now review this conclusion of law de novo, with no presumption of correctness. See Fields, 40 S.W.3d at 458.

For statute of limitations purposes, Tennessee has expressly listed the individual acts that trigger a commencement of prosecution:

> A prosecution is commenced . . . by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

Tenn. Code Ann. § 40-2-104. However, the issue of whether a "prosecution is commenced" for statute of limitations purposes by a juvenile court proceeding appears to be a matter of first impression in Tennessee. Because this matter is entirely controlled by statute, it is essentially an issue of statutory interpretation.

### A. Statutory Interpretation

We begin by noting that when examining a purely legal issue, such as statutory construction, Tennessee appellate courts adhere to a de novo standard with no presumption of correctness as to the lower court's conclusions of law. See State v. Owens, 20 S.W.3d 634, 637 (Tenn. 2000); State

v. Alford, 970 S.W.2d 944, 945 (Tenn. 1998) ("Construction of a statute is a question of law which we review de novo, with no presumption of correctness").

The Tennessee Supreme Court has ruled that "[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). See also Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998) ("The cardinal rule of statutory construction is to effectuate the legislative intent, with all rules of construction being aides to that end."). With this in mind, the first step in determining legislative intent is to determine whether the statutory language itself is ambiguous. If it is not, we are limited to the plain meaning of the statutory language.

We are instructed by our highest court to "initially look to the language of the statute itself in determining the intent of the legislature. Courts are restricted to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." Browder, 975 S.W.2d at 311 (citing Austin v. Memphis Pub. Co., 655 S.W.2d 146, 148 (Tenn. 1983)). Appellate courts must "assume that the legislature used each word in the statute purposely, and that the use of these words conveys some intent and has a meaning and purpose." Id. (citing Locust v. State, 912 S.W.2d 716, 718 (Tenn. App. 1995)). Thus, "[w]here the words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, and we need only enforce that statute as written." Id. (citing Roberson v. University of Tennessee, 912 S.W.2d 746, 747 (Tenn. App. 1995) and In re Conservatorship of Clayton, 914 S.W.2d 84, 90 (Tenn. App. 1995)). Additionally, we are instructed by our supreme court to liberally construe statutes of limitations in favor of the defendant in order to protect them against having to defend stale charges, and exceptions that would extend the period of limitations are to be strictly construed against the State. See State v. Henry, 834 S.W.2d 273, 276 (Tenn. 1992).

B. Juvenile Proceedings do not commence criminal prosecution

The State argues on appeal that juvenile court proceedings are either part of, or analogous to, criminal proceedings. Indeed, it is well settled law that criminal prosecution for an offense committed by a minor must begin in juvenile court. See Sawyers v. State, 814 S.W.2d 725, 729 (Tenn. 1991); Tenn. Code Ann. 37-1-103. Additionally, the State argues that "common sense and logic dictate that prosecution of a juvenile begins in juvenile court because the juvenile defendants are accorded the full panoply of constitutional protections in criminal cases." The State's arguments in this case are quite similar to the reasoning applied by the Kansas Court of Appeals in State v. Terry Lee Edwards, 2004 WL 292086 (Kan. App. 2004) when it found that a juvenile proceeding did commence prosecution within the meaning of Kansas's statute of limitations.

Kansas's statute of limitations is tolled during the period in which "a prosecution is pending against the defendant for the same conduct," and prosecution is further defined as "all legal proceedings by which a person's liability for a crime is determined." Edwards, 2004 WL 292086, at * 4 (citing K.S.A. 21-3106(9)(d) and 21-3110(17) (2003)). The Kansas court held that "although

many aspects of a juvenile proceeding are handled differently from an adult criminal prosecution, this does not mean that these proceedings are excluded from the definition of prosecution." Id. at *5. To support its conclusion, the Kansas court, like the State in this case, noted that "the United States Supreme Court has determined that there is little difference between a juvenile proceeding and a felony prosecution for purposes of certain rights," citing Breed v. Jones, 421 U.S. 519 (1975) (holding that a juvenile proceeding amounts to a criminal prosecution for purposes of double jeopardy) and In re Gault, 387 U.S. 1 (1967) (holding that a juvenile, like a criminal defendant, had the right to appointed counsel). Id.

However, we conclude that this Kansas case is distinguishable from the case at hand in that the Kansas statute of limitations is tolled during any period in which "prosecution is pending," and "prosecution" is defined very broadly in Kansas statutes as "all legal proceedings by which a person's liability for a crime is determined." Id. at *4. By contrast, Tennessee's statute of limitations is met only when one of the several expressly outlined acts qualifying as an event that commences prosecution is initiated in a timely manner. See Tenn. Code Ann. § 40-2-104. In this respect, Tennessee's statutory language is more similar to that of the states of Maine and Florida.

The Maine Supreme Court held, in State v. Gammon, 519 A.2d 721 (Me. 1987), that a criminal prosecution was not commenced by the filing of a juvenile petition for purposes of its statute of limitations. Maine law stated that "prosecution is commenced when a complaint is made or an indictment is returned, whichever first occurs." Id. at 722. The Maine court rejected the state's arguments pertaining to the similarity between Maine's juvenile and criminal procedures, and determined that the "plain language of the statute does not expressly declare that a juvenile petition will serve to commence a criminal prosecution nor does it expressly provide that the existence of a juvenile prosecution will serve to toll the statute." Id. Florida has reached a similar conclusion, holding that juvenile delinquency proceedings are not criminal in nature, and further determining that a juvenile "pickup" order did not commence prosecution for statute of limitations purposes. See Brown v. State, 510 So.2d 361, 363 (Fla. Dist. Ct. App. 1987) (Florida defined commencement of prosecution, quite narrowly, as the filing of "either an indictment or information").

Tennessee Code Annotated section 40-2-104 clearly defines the events that constitute a commencement of prosecution for purposes of the statute of limitations. The unambiguous language simply does not include juvenile proceedings as commencing prosecution. Our role is not to determine what the Legislature should have written, or even what it likely would have written had this issue been brought to its attention. Rather, we are required to determine what the Legislature actually accomplished by enacting the language contained in section 40-2-104 of our criminal code. Accordingly, we hold that a juvenile proceeding does not commence criminal prosecution for purposes of meeting or tolling the statute of limitations.

### III.  Applicable Statute of Limitations

While not briefed by the State or questioned by the post-conviction court, we also address the issue of which statute of limitations provision is applicable to the Petitioner in this case.[6]  The post-conviction court order denying relief made findings in which it was assumed that the applicable statue of limitations required prosecution to commence within four years of the offense, or before the victim attained the age of majority.  See Tenn Code Ann. 40-2-101(d).  However, this particular provision of Tennessee's statute of limitations applied only to several expressly enumerated offenses, of which Tennessee Code Annotated section 39-13-522, rape of a child, was not one.

We recognize that, as a general rule, this Court will not consider issues that are not raised in the trial court.  However, we can, pursuant to Tennessee Rule of Criminal Procedure 52(b), recognize errors that seriously effect the fairness, integrity or public reputation of judicial proceedings when necessary to prevent a miscarriage of justice.  See also State v. Adkisson, 899 S.W.2d 626, 639-40 (Tenn. Crim. App. 1994).  Accordingly, we elect to address the issue of which statute of limitation provision is applicable to the Petitioner.

While hampered by a sparse record, we have gathered from the post-conviction court order denying relief that the Petitioner "pled guilty to one count of Rape of a Child," and from the juvenile petition we learn that the Petitioner was initially charged with child rape offenses stemming from acts that occurred "on several occasions between 1990 and 1994."[7]  Assuming the Petitioner's indictment also charged him with this same offense(s), occurring during the same time period, there are two possible statutes under which the Defendant may have been convicted.  See Tenn. Code Ann. § 39-13-502(a)(4) (1990), and § 39-13-522.  While the elements of the offense are essentially identical in the two statutes, the applicable statute of limitation is not.

Prior to July, 1, 1992, the rape of a child under age thirteen was a Class A felony under the aggravated rape statute, and was defined as follows: "Aggravated rape is unlawful sexual penetration of a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances: The victim is less than thirteen (13) years of age."  Tenn. Code Ann. § 39-13-502(a)(4) (1990).  In 1992, the Legislature enacted a law that, effective July 1, 1992, both deleted subsection (a)(4) of the aggravated rape statute and added as a separate offense "Rape of a Child."  See 1992 Tennessee Laws Public, Ch. 878.   The separate offense of Rape of a Child, codified as section 39-13-522, defines the offense as "the unlawful sexual penetration of a victim by the defendant or the defendant by the victim, if such victim is less than thirteen (13) years of age."  Tenn. Code Ann. § 39-13-522.  Because the record on appeal does not contain the date of the offense to

---

[6]We note that the State did initially argue, in a memo supporting dismissal of the Petitioner's petition for post-conviction relief, that subsection (d) was not the correct statute of limitations, but rather subsection (b)(1) of Tennessee Code Annotated section 40-2-101, allowing fifteen years from the date of the offence, was the appropriate statute of limitation for the offense in question.  However, the State abandoned this argument at the post-conviction hearing and on appeal to this Court.

[7]Although Counsel recalled at the post-conviction hearing that the offense to which the petitioner plead guilty occurred in 1996, we are unable to find the date of the offense elsewhere in the record.

-8-

which the Petitioner pled guilty or the judgment of conviction, this Court can not determine under which statute he was convicted.

Because the elements of aggravated rape and rape of a child are nearly identical, the question of under which statute the Petitioner was convicted is relevant in this case only because the two have different statute of limitations requirements. The Tennessee statute limiting criminal prosecutions, which has remained unchanged in relevant part from 1990 to present,[8] states as follows:

> (a) A person may be prosecuted, tried and punished for an offense punishable with death or by imprisonment in the penitentiary during life, at any time after the offense is committed.
> (b) Prosecution for a felony offense shall begin within:
> (1) Fifteen (15) years for a Class A felony . . .
> (d) Prosecutions for any offense committed against a child prior to July 1, 1997, that constitutes a criminal offense under the provisions of §§ 39-2-601, 39-2-603, 39-2-604, 39-2-606, 39-2-607, 39-2-608, 39-2- 612, 39-4-306, 39-4-307, 39-6-1137, or § 39-6-1138, or under the provisions of §§ 39-13-502--39-13-505, § 39-15-302 or § 39-17-902 shall commence no later than the date the child attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later; provided, that pursuant to subsection (a), an offense punishable by life imprisonment may be prosecuted at any time after the offense shall have been committed.

Tenn. Code Ann. § 40-2-101(a), (b)(1) and (d). In summary, this statute sets a general limit of fifteen years for prosecutions of Class A felonies in section (b)(1), but carves out a special limitations period in subsection (d) for offenses "committed against a child" under the provisions of several expressly enumerated statutory offences. For those statutory offenses committed against children listed, prosecutions "shall commence no later than the date the child attains the age of majority or within four (4) years next after the commission of the offense, whichever occurs later." Tenn. Code Ann. § 40-2-101(d).

The Petitioner argues that subsection (d), and not subsection (b)(1) of Tennessee Code Annotated section 40-2-101, applies in his case because the subsection (d) applied to "any offense committed against a child" and included the "original 39-13-502" offense of rape of a child under age thirteen. The Petitioner also argues that the Legislature must have intended to include section 39-13-522 rape of a child under the special statute of limitations provision in subsection (d), or it

---

[8]Subsection (d) was amended in 1997 to clarify that it applied only to the listed offenses which were committed "prior to July 1, 1997," and a new subsection, (f), was added to provide a special statute of limitation for several enumerated offenses against children committed on or after July 1, 1997. Based on the arguments raised by the Petitioner, which were not challenged by the State, we assume that the Petitioner was not convicted of an offense committed after July 1, 1997. Accordingly, the 1997 amendments to the Tennessee statute of limitation statute would not affect the Petitioner in this case.

would not have expressly included this offense in its 1997 revision of the statute of limitations statute.[9] We find the Petitioner's arguments unpersuasive.

While it is now clear that the offense of rape of a child, Tennessee Code Annotated section 39-13-522, is currently governed under the special statute of limitations provision, this provision applies only to those offenses committed on or after July 1, 1997. The statute of limitations at issue in this case is the applicable statute in effect on the date the Petitioner committed the offense for which he was convicted. Accordingly, we conclude that the offense of rape of a child under age thirteen committed before July 1, 1992, in violation of Tennessee Code Annotated section 39-13-502(a)(4), is governed by the "four year or date the child victim reached the age of majority" statute of limitations provision. See Tenn. Code Ann. § 40-2-101(d). The language in the statute of limitations statute subsection (d) is "clear and plain" and conveys the intent of the legislature to have a violation of section 39-13-502 controlled by this special statute of limitations provision.

However, the offense of rape of a child codified in section 39-13-522 of Tennessee's criminal code is not listed as one of the statutory offenses subject to a special statute of limitations in subsection (d) of Tennessee Code Annotated section 40-2-101. Accordingly, we conclude that prosecution for the offense of rape of a child committed after July 1, 1992, but prior to July 1, 1997, is governed by the general statute of limitations provision, and therefore must be commenced within fifteen years of the date of the offense.[10] See Tenn. Code Ann. § 40-2-101(b)(1). We note that this Court has previously held that the fifteen year statute of limitations applies in such cases. See State v. Earl Junior Pike, No. 01C01-9804-CR-00168, 1999 WL 737876 (Tenn. Crim. App., Nashville, Sept. 22, 1999) (holding that a conviction for rape of a child, in violation of Tennessee Code Annotated section 39-13-522, for an offense committed in 1993, carried a fifteen year statute of limitations). Thus, if the Petitioner in this case was convicted of rape of a child for an offense committed after July 1, 1992, but before July 1, 1997, the determinative factor in whether his counsel was ineffective for not raising a statute of limitations defense is not whether prosecution commenced prior to the victim turning eighteen, but instead whether fifteen years had elapsed between the commission of the offense and the commencement of prosecution. See Tenn. Code Ann. § 40-2-101(b)(1).

## IV. Failure to Amend the Indictment

In his second issue on appeal, the Petitioner claims the post-conviction court erred in finding that he received the effective assistance of counsel in the negotiation and entry of his plea of guilty when his trial counsel failed to demand that his indictment be amended. The Petitioner's claim

---

[9]The1997amendments to the statute of limitation statute added an additional provision that sets a special prosecution limitation for "any offense committed against a child on or after July 1, 1997, that constitute a criminal offense under the provisions of . . ." and lists several offenses, including 39-13-522 rape of a child. Tenn. Code Ann. § 40-2-101(f). The Petitioner argues that "[i]f the pre-1997 exception did not apply to rape of a child under 13, simply because 39-13-522 was not mentioned by the statute, then there would not have been a reason to revise the statute in 1997."

[10]Rape of a Child is a Class A felony. See Tenn. Code Ann. § 39-13-522(b).

seems to be based on his assertion that if the State intends to argue that an event has tolled the statute of limitations, it must include such an allegation and supporting facts in the indictment itself. See State v. White, 939 S.W.2d 113, 115 (Tenn. Crim. App. 1996). The Petitioner now argues that if the State takes the position that the juvenile proceeding tolled the statute of limitations, it nonetheless failed to make this allegation in the original indictment or in an amended indictment, and his trial counsel's failure to recognize this omission constituted ineffective assistance of counsel. We conclude that the Petitioner has waived this issue, and further note that it is without merit even if it had been properly reserved for appellate review.

The Petitioner claims his indictment did not contain an allegation that an event tolled the statute of limitations, however, the Petitioner has failed to include a copy of his indictment in the record on appeal. An appellant is required to provide an adequate record in order to facilitate meaningful appellate review. See Tenn. R. App. P. 24. Thus, the Petitioner has waived this issue on appeal. Nevertheless, we also note that because we have held that a juvenile proceeding does not toll the statute of limitations, this issue, had it been properly presented, would have been without merit.

**CONCLUSION**

Based on the foregoing reasoning and authorities, we reverse the judgment of the post-conviction court denying the Petitioner post-conviction relief, and remand this cause with instructions to make additional findings of fact and conclusions of law, consistent with this opinion, necessary to determine if the applicable statute of limitation had run on the offense at issue in this case, and whether the Petitioner received the effective assistance of counsel relative to this issue.

_____
DAVID H. WELLES, JUDGE

-11-